UNITED STATES of America

v.

**Luis OSORIO, Defendant.**

**No. 02 CRIM. 1545–03 (VM).**

United States District Court,
S.D. New York.

Feb. 23, 2004.

Roger Bennet Adler, New York, NY, for Ingrid Zapata.

Roy Kulcsar, Evan D. Prieston, New York, NY, for Nestor Fabia Londono.

Paul R. Nalven, Nalven & Schacht, Astoria, NY, Jerry L. Tritz, New York, NY, for Luis Osorio.

Mark A. Racanelli, U.S. Atty., Crim. Unit, New York, NY, for U.S.

Anthony L. Ricco, New York, NY, for Pedro Duran Londono.

Maurice H. Sercarz, Law Offices of Maurice H. Sercarz, New York, NY, for Steven Cuevas.

## DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

Defendant Luis Osorio ("Osorio") pled guilty before this Court to one count of conspiracy to distribute narcotics. Prior to sentencing, Osorio filed a motion for a downward departure from the United States Sentencing Guidelines on the grounds that the combination of factors made this an extraordinary case that is outside the heartland of cases contemplated by the Guidelines. (*See* Osorio Pre-Sentence Memorandum ("Departure Motion"), at 2–3.) The Government opposed the motion. On February 20, 2004, the Court denied Osorio's motion after consid-

ering further argument from the parties, and sentenced him at the lowest end of the applicable Guidelines range. This Order serves to explain the Court's findings and basis for denying the motion.[1]

## II. DISCUSSION

■ A Court must evaluate a motion for downward departure to determine whether there are factors that potentially bring a case outside the "heartland" of cases contemplated by the Sentencing Guidelines. See Koon v. United States, 518 U.S. 81, 95–95, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). Osorio does not argue that any single basis warrants a departure in this case, but rather, he argues that three grounds, taken together, warrant a departure. These grounds are: (1) Osorio's extraordinary physical impairment stemming from his open-heart surgery in July of 2002, (2) the extraordinary emotional and psychological effects of Osorio's incarceration on his family, in particular, on his daughter Nicole, and (3) other factors, including the financial effects of Osorio's incarceration on his family; and strong family support. (See Departure Motion, at 3–5.)

■ At the outset, the Court notes that the recent Amendments to the Sentencing Guidelines enacted to give effect to a Congressional mandate, see Pub.L. 108–21, 117 Stat 650, 68 Fed.Reg. 60154 (Oct. 21, 2003), place heightened restrictions on granting downward departures on certain grounds, including on the basis of a combination of factors. See U.S.S.G. § 5K2.0(c) and commentary. As a general rule, under 18 U.S.C. § 3553(a), the Court must use the Sentencing Guidelines in effect on the date of sentencing. However, as the Second Circuit has explained, if the amendments to the Guidelines result in a harsher sentence for the defendant than the Guidelines in effect at the time of the offense, the use of the amended Guidelines violates the ex post facto clause of the United States Constitution. See United States v. Broderson, 67 F.3d 452, 456 (2d Cir.1995).

Accordingly, because the bases for Osorio's motion implicate the heightened restrictions that are the subject of the recent amendments to the Guidelines, the Court will apply the 2002 version of the Guidelines, which were in effect at the time of Osorio's crime and which do not employ the heightened scrutiny for these types of sentencing departures.[2] Having established the applicable Guidelines, the Court considers the merits of Osorio's motion.

■ A downward departure for extraordinary family circumstances is not intended to reduce the defendant's culpability, but rather, its rationale is to prevent "wreak[ing] extraordinary destruction on dependents who rely solely on the defendant for their upbringing." United States v. Johnson, 964 F.2d 124, 129 (2d Cir. 1992). The Court does not find that such a situation is present in this case. With regard to Osorio's physical impairment, the Court is not persuaded that Osorio's present medical condition renders this a case of "extraordinary physical impairment" under § 5H1.4 of the Sentencing Guidelines. The Court acknowledges that the injuries to Osorio's heart were serious at the time that they occurred in May of 2002. However, Osorio's ongoing recovery almost two years later, including his high blood pressure, and the general pain in his

---

1. The Court also articulated its reasons for denying the motion on the record prior to imposing a sentence.

2. Accordingly, all future references to the "U.S.S.G." shall be to the 2002 version, unless otherwise noted.

body, does not warrant a departure, even when considered in combination with the other factors cited in Osorio's motion.

There are no doubt many federal inmates with medical conditions of similar nature or severity that obtain treatment while in custody and are able to control their medical conditions. The Court discerns no extraordinary circumstance in this case, nor does Osorio assert that the medical treatment available while in custody has been inadequate.

■ With regard to the financial and emotional effects on Osorio's family, the Court recognizes that, as Osorio claims, the penal consequences of his actions may cause hardship to his family. Nevertheless, § 5H1.6 of the Sentencing Guidelines, and the rule in this Circuit, mandate that family circumstances are ordinarily not relevant, and, may provide justification for a downward departure only in uniquely exceptional circumstances. *See* U.S.S.G. § 5H1.6. Thus, a downward departure based on family circumstances is appropriate only "where the family was uniquely dependant on the defendant's ability to maintain existing financial and emotional commitments." *United States v. Sprei,* 145 F.3d 528, 535 (2d Cir.1998); *see also United States v. Faria,* 161 F.3d 761, 762 (2d Cir.1998). The Court finds that the hardships Osorio and his family must now face are no more extraordinary than those faced by any defendant who is sentenced to a term of imprisonment and has a family that depends, in part, on his or her financial and emotional support.

In this particular case, the pre-sentence investigation report indicates that Osorio's common law wife, with whom Osorio was living with prior to his arrest, was at one time employed. (*See* Osorio Pre–Sentence Investigation Report, dated Feb. 6, 2004 ("PSR"), at ¶ 46.) Although Osorio argues that his wife has had difficulty in obtaining employment, there is nothing in the record to suggest that her efforts to secure employment are so unique as to make Osorio's financial support indispensable. Furthermore, the presentence report indicates that Osorio's wife is living with Osorio's sister, who presumably can provide further financial and emotional support to the daughter in Osorio's absence. (*See id.*)

The Court has no reason to doubt that Osorio's incarceration has taken a heavy emotional toll on his young daughter, nor is the Court unsympathetic to her condition. However, the Court finds that there is nothing so extraordinary in this case beyond what may commonly befall young children of incarcerated defendants. As discussed above, § 5H1.6 of the Sentencing Guidelines state that family ties and responsibilities are ordinarily not relevant in deciding whether to grant a downward departure. For this reason, the Court also rejects Osorio's third factor for seeking a downward departure.

Finally, the Court is not persuaded that, even taken together, the circumstances underlying these three proposed bases for downward departure suffice to bring this particular case outside the heartland of cases of this type. Accordingly, Osorio's motion for a downward departure on the grounds of the combination of circumstances is denied. The Court acknowledges that it has the authority to grant such a departure, but declines to exercise its discretion in this case.

## III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the motion of defendant Luis Osorio for a downward departure of the sentencing range applicable

under the United States Sentencing Guidelines is DENIED.

**SO ORDERED:**