**UNITED STATES of America, Appellee,**

v.

**Daniel GASTON, Defendant,**

**Luz Montanez, Defendant–Appellant.**

**No. 341, Docket 95–1185.**

United States Court of Appeals, Second Circuit.

Argued Oct. 2, 1995.

Decided Oct. 13, 1995.

Mel A. Sachs, New York City, for Defendant–Appellant.

Y. Hui Chen, Assistant United States Attorney, Brooklyn, NY (Zachary W. Carter, United States Attorney, E.D., New York, David C. James, Assistant United States Attorney, Brooklyn, NY, of counsel), for Appellee.

Before: WINTER, JACOBS, and LEVAL, Circuit Judges.

PER CURIAM:

Luz Montanez appeals from a sentence of 78 months imprisonment followed by five years supervised release, and a $50 special assessment. Judge Amon entered this sentence on March 23, 1995 after Montanez pleaded guilty to one count of conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1).

Montanez appeals from her sentence on two grounds. First, she challenges the court's failure to grant a four-point reduction in her base offense level for "minimal" participation in the offense. Second, she challenges the district court's refusal to grant her a downward departure pursuant to the "safety valve" provision of the Violent Crime Control and Law Enforcement Act of 1994, 18 U.S.C. § 3553(f). We reject both claims and affirm.

On April 7, 1994, Daniel Gaston was arrested at Kennedy International Airport carrying a bag of cocaine. After his arrest, Gaston voluntarily cooperated with law enforcement officials, informing them that the cocaine he was carrying was scheduled to be delivered to Luz Montanez. He explained that he had previously delivered other shipments of narcotics to Montanez. Gaston then participated in a controlled delivery to Montanez's apartment. Upon accepting the bag containing cocaine, Montanez was arrested. Small amounts of cocaine, packaging materials, a scale, and $24,535 in cash were found in her apartment.

At sentencing, Judge Amon granted Montanez a two-point offense level adjustment pursuant to U.S.S.G. § 3B1.2(b) because of her "minor" role in the drug trafficking scheme. U.S.S.G. § 3B1.2(b). Montanez contends that Judge Amon should have granted her a four-point reduction because her participation was "minimal" under U.S.S.G. § 3B1.2(a). We disagree.

Section 3B1.2(a) of the Guidelines authorizes a four-point decrease in defen-

dant's base offense level if she was a minimal participant in the offense, but the defendant bears the burden of proving by a preponderance of the evidence that she is entitled to this adjustment. *United States v. Lopez*, 937 F.2d 716, 726 (2d Cir.1991). We will overturn the district court's factual findings as to a defendant's role only if clearly erroneous. *See United States v. Gomez*, 31 F.3d 28, 31 (2d Cir.1994). We review *de novo* the district court's legal conclusion as to whether the circumstances constitute "minimal" or "minor" participation. *Cf. United States v. Jagmohan*, 909 F.2d 61, 64 (2d Cir.1990) (*de novo* review of a district court's legal conclusion that departure is warranted).

 The commentary to Section 3B1.2(a) of the Guidelines states that "defendants who are plainly among the least culpable of those involved in the conduct of a group" are minimal participants. U.S.S.G. § 3B1.2(a) comment. Under this section, "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as a minimal participant." *Id.* Montanez concedes that she allowed her apartment to be used as a storage place and transfer point for drugs and that she received payments for allowing her apartment to be used in this way. However, she argues that because her role in the drug trafficking scheme was limited to letting Gaston use her apartment to sell narcotics, she qualifies as a "minimal" participant. This argument fails.

Gaston testified that Montanez's role was not limited to allowing him to use her apartment. Indeed, he testified that at least twice Montanez had met him at Kennedy Airport to pick up the narcotics herself and that on at least two other occasions he had delivered the drugs directly to her at her apartment. Judge Amon credited Gaston's version of events and thus held that Montanez's role in the drug trafficking scheme was more than "minimal." Moreover, Judge Amon held that, even under Montanez's own version of events, she would still not qualify as a "minimal" participant because of her admitted knowledge of the continuous drug sales taking place at her apartment and her repeated involvement in the scheme. We agree.

 Second, Montanez argues that her cooperation with the government, her criminal

history, the nature of her offense, and her role in the offense warrant a downward departure from the Guidelines sentencing range under the "safety valve" provision of the Violent Crime Control Act of 1994, 18 U.S.C. § 3553(f). This "safety valve" provision requires the sentencing court to "impose a sentence pursuant to [sentencing] guidelines ... without regard to any statutory minimum sentence" if the defendant meets five listed criteria. The statute, however, is limited to departures from statutory minimum sentences and does not authorize downward departures from the Guidelines. Indeed, where a defendant has satisfied the five statutory criteria, the sentencing court should ignore the statutory minimum and impose sentence pursuant to the Guidelines. Thus, the district court was correct in not applying Section 3553(f).

We therefore affirm.