83 F.3d 429
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daniel LEYVA, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel Enrique SOTELO-GAMEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis QUIJADA-CASTILLO, Defendant-Appellant.
 Nos. 95-10039, 95-10041 and 95-10043.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 12, 1996.*
Decided April 16, 1996.
 
 Before: REINHARDT, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 By memorandum disposition we vacated the original sentences imposed by the district court on defendants Leyva, Sotelo-Gamez, and Quijada-Castillo, because the court failed to adequately justify its downward departures from the guidelines. The district court then resentenced the defendants, and they now appeal.
 
 
 3
 We affirm the sentences as to all three defendants.
 
 
 4
 * LEYVA
 
 A. Rule 32(c)(1)[1]
 
 5
 Leyva contends that, contrary to the recommendation in the presentence report, he was entitled to a downward departure because he was a minor participant. He argues the district court's comments at the resentencing hearing are insufficient to constitute the findings required by Rule 32(c)(1) of the Federal Rules of Criminal Procedure.
 
 
 6
 The district court's comments at the resentencing hearing must be read in the context of what we said in our prior memorandum disposition. In that disposition, we discussed the district court's comments at the first sentencing hearing. At that hearing, the district court stated:
 
 
 7
 The court makes a downward departure based on the court's feeling that the minimum mandatory is exceedingly high and would do nothing to act as a deterrent to the citizens of the Republic of Mexico because of the socioeconomic conditions.
 
 
 8
 The defendants requested a downward departure, arguing they were merely "mules." The district court responded that it was not departing downward "solely for that reason." We said this indicated the district court might have based its downward departure, in part, on the defendants' mule status. There was no finding in the record as to this, however, and we said "a departure for mule status cannot be sustained on this record." United States v. Leyva, No. 95-10039, Mem.Disp., p. 6, filed Feb. 12, 1996.
 
 
 9
 With regard to the district court's reliance on socioeconomic conditions in Mexico, we commented in our prior memorandum disposition that "[g]enerally socioeconomic circumstances are 'not relevant in the determination of a sentence.' " Id., citing U.S.S.G. § 5H1.10 (1992). We also discussed United States v. Valdez-Gonzalez, 957 F.2d 643 (9th Cir.1992), and said that in that case "poverty along the border was considered in a downward departure for a 'mule.' " Leyva, Mem.Disp. at p. 6, citing Valdez-Gonzalez, 957 F.2d at 649 n. 3 (emphasis added).
 
 
 10
 Our prior memorandum disposition indicated that in deciding whether the defendants should be given a downward departure for their role in the offense, the district court should determine whether they were in fact "mules". It was in this posture that the case was returned to the district court.
 
 
 11
 At the resentencing hearing, Leyva's counsel argued Leyva was a minor participant, a "mule," rather than a major participant, and asked the district court to depart downward because of Leyva's minor role. The court responded:
 
 
 12
 I don't think, given the unpublished memorandum opinion which is the law of this case, that--given to us by the Ninth Circuit, that I can make a finding that Mr. Leyva or either of the other defendants were the mules, or entitled to a Valdez-Gonzalez departure.
 
 
 13
 Reading these comments by the district court in the context of our prior memorandum disposition, we are satisfied the comments reflect the district court's finding that the defendants were not mules and were not entitled to a downward departure which Valdez-Gonzalez indicated, by dicta, might be appropriate for a "mule" driven to crime by poverty along the Mexican border.
 
 
 14
 We conclude the district court complied with Rule 32(c)(1).
 
 B. Rule 32(c)(3)(A)
 
 15
 At resentencing the district court failed to confirm that Leyva and his counsel had an opportunity to read and discuss the presentence report as required by Rule 32(c)(3)(A) of the Federal Rules of Criminal Procedure.[2] Leyva contends this is error, and requires a remand for resentencing. We disagree.
 
 
 16
 When a sentencing judge's failure to comply with Rule 32(c)(3)(A) prejudices the defendant, remand is required. United States v. Davila-Escovedo, 36 F.3d 840, 844 (9th Cir.1994), cert. denied, 115 S.Ct. 953 (1995). When it is clear that no prejudice resulted from the error, the district court's error is harmless. Id.
 
 
 17
 At the original sentencing the district court complied with Rule 32(c)(3)(A). Nothing in the presentence report changed between Leyva's original sentence and his resentencing. At resentencing the district court did not renew its Rule 32(c)(3)(A) interrogatory. Assuming this omission is error, it is clearly harmless error. Moreover, here, as in Davila-Escovedo, the "appellant has not only raised no claim of prejudice, but he has also made no affirmative allegation that he failed to read the report." Id. For the foregoing reasons, the district court's failure to comply with Rule 32(a)(1)(A) at resentencing was harmless error, if error at all.
 
 
 18
 C. Consideration of Mitigating Circumstances
 
 
 19
 Leyva argues that despite the district court's impression to the contrary, it was free to consider, during his resentencing, mitigating circumstances which were not presented at his original sentencing. Leyva, however, fails to assert that any mitigating factors were presented at his resentencing or that such factors even exist. Any error in failing to consider mitigating circumstances at the resentencing, therefore, was harmless and is not a ground for remand.
 
 
 20
 For the foregoing reasons, Leyva's sentence is affirmed.
 
 II
 QUIJADA-CASTILLO
 A. Rule 32(c)(1)
 
 21
 Jose Luis Quijada-Castillo, like Leyva, contends the district court failed to comply with Rule 32(c)(1) by failing to rule on Quijada-Castillo's objections to his presentence report. At the resentencing hearing, counsel for Quijada-Castillo argued that Quijada-Castillo was nothing more than a "mule," that his conduct was aberrant behavior, and that Quijada-Castillo's dire socioeconomic situation drove him to desperate acts. Counsel concluded:
 
 
 22
 I think the Court of Appeals' decision stated that if the court were to make these findings, the court could consider a downward departure, and I would ask the court to do so.
 
 The court replied:
 
 23
 I just don't think, Mr. Gonzalez (sic), that I can make those findings in this record, and I cannot find he was a mule, given the findings of this case.
 
 
 24
 The court thus explicitly made findings on the challenged matters in compliance with Rule 32(c)(1).
 
 B. Discretionary Refusal to Depart Downward
 
 25
 Quijada-Castillo argues the district court mistakenly believed it was prevented as a matter of law from departing downward. We disagree.
 
 
 26
 In our previous memorandum disposition, we noted the possibility that the downward departure was based on defendants' "mule" status. The presentence report recommended a downward departure for both Sotelo-Gamez and Quijada-Castillo based on United States v. Valdez-Gonzalez, 957 F.2d 643 (9th Cir.1992). Although we questioned the applicability of Valdez-Gonzalez, we ultimately vacated and remanded the matter for resentencing because "without findings, and an explanation of why the Commission's provisions for downward adjustments for minor and minimal roles would not control, a departure for mule status cannot be sustained on this record."
 
 
 27
 At resentencing, the district court rejected Quijada-Castillo's counsel's request for a downward departure because the court could not make the necessary findings to support the defendants' "mule" status. The court said:
 
 
 28
 I just don't think, Mr. Gonzalez (sic), that I can make those findings in this record, and I cannot find he was a mule, given the findings in this case. And I feel that--while I've looked at this case very closely and tried to understand the Court of Appeals opinion and its apparent criticism of the Valdez-Gonzalez case--at least with respect to its application in terms of the multiple defendants--that I cannot make a departure in this case.
 
 
 29
 Similarly, in response to Leyva's counsel's argument that Leyva was merely a "mule," the district court responded:
 
 
 30
 All right. I don't think, given the unpublished memorandum opinion which is the law of this case, that--given to us by the Ninth Circuit, that I can make a finding that Mr. Leyva, or either of the other defendants were the mules, or entitled to a Valdez-Gonzalez departure. (Emphasis added).
 
 
 31
 The district court did not assert that a defendant's status as a "mule" could not provide a legal basis for departure. Rather, the district court concluded that it could not make the factual findings that defendants were "mules." In addition to the court's inability to make the factual finding that defendants were "mules," the court also concluded it could not make findings sufficient to enable it to make a Valdez-Gonzalez departure. There was nothing in what the court said that implies the court felt it was precluded from departing downward. Rather, on the facts of the case, the district court simply could not make the findings necessary to justify a departure.
 
 
 32
 "Since the judge's decision does not indicate that he believed he was prevented from departing downward as a matter of law, the decision is discretionary and thus not reviewable." United States v. Pinto, 48 F.3d 384, 389 (9th Cir.1994), cert. denied, 116 S.Ct. 125 (1995).
 
 
 33
 C. "Safety Valve" Provision, 18 U.S.C. § 3553(f)
 
 
 34
 Quijada-Castillo also argues the court erred by refusing to apply 18 U.S.C. § 3553(f), incorporated in the guidelines as U.S.S.G. § 5C1.2. Under this "safety valve" provision, a court may, in certain cases, impose a sentence without regard to the statutory minimum. 18 U.S.C. § 3553(f). The statute states in part:
 
 
 35
 Notwithstanding any other provision of law ... the court shall impose a sentence pursuant to guidelines promulgated by the United States Sentencing Commission under section 994 of title 28 without regard to any statutory minimum sentence, if the court finds at sentencing ...
 
 
 36
 18 U.S.C. § 3553(f).
 
 
 37
 In the present case, Quijada-Castillo's sentence was within the guideline range and exceeded the statutory minimum. The court was not restricted by the statutory minimum because the sentence imposed exceeded that minimum. United States v. Gaston, 68 F.3d 1466, 1468 (2d Cir.1995). Thus, even if the five conditions for section 3553(f) relief were met, the statute simply has no effect in this case.
 
 
 38
 For the foregoing reasons Quijada-Castillo's sentence is affirmed.
 
 III
 SOTELO-GAMEZ
 
 39
 Defendant Manuel Enrique Sotelo-Gamez's sole argument on appeal is that his case should be remanded for resentencing because the district court mistakenly believed it could not legally depart downward. As discussed above in section II.B., the court's refusal to depart downward was based on an absence of facts to support a downward departure, not on a mistaken belief the court lacked legal authority to depart.
 
 
 40
 Sotelo-Gamez's sentence is affirmed.
 
 IV
 CONCLUSION
 
 41
 For the foregoing reasons, the sentences of all three defendants are AFFIRMED.
 
 
 42
 REINHARDT, Circuit Judge, concurring in part, dissenting in part:
 
 
 43
 I concur in parts I.B., I.C., and II.C of the majority disposition. However, I respectfully but vigorously dissent from the remaining portions. I am not persuaded that the draconian sentences that the district court may have felt obligated to impose following the remand from this court were required by law. My reasons for dissenting are as follows.
 
 
 44
 First, the district court failed to make the required Rule 32 findings regarding defendant Leyva's objection to the presentence report recommendation of a two-level upward adjustment to his offense level for his "major" role in the offense. Second, the district court failed to address defendant Quijada-Castillo's argument that he is entitled to a downward departure from his sentence because he is a first-time offender who has been convicted of one aberrant criminal act. Third, it appears that the district court may have thought that this court had stripped it of discretion to depart on the ground that defendants Sotelo-Gamez and Quijada-Castillo simply acted as "mules" as described in Valdez v. Gonzalez, 957 F.2d 643 (9th Cir.1992).
 
 
 45
 Because we require strict compliance with Rule 32, I would vacate Leyva's sentence and require the district court to make the findings necessary to an upward adjustment. See United States v. Fernandez-Angulo, 897 F.2d 1514, 1516 (9th Cir.1990) ("We have consistently and frequently stated that when the district court failed to make the required Rule 32 findings or determination at the time of sentencing, we must vacate the sentence and remand for resentencing."). Because the district court failed to address Quijada-Castillo's "aberrant behavior" argument, we cannot meaningfully review this issue. It is impossible for us even to know whether the district court was aware that it had the legal authority to depart on the basis of aberrant behavior. See United States v. Morales, 972 F.2d 1007, 1010-11 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993). Accordingly, I would vacate and remand Quijada-Castillo's sentence as well.
 
 
 46
 Finally, it is entirely unclear from the sentencing transcript whether the district court understood that it retained the discretion to depart downward from the guideline sentence, as recommended in the presentence reports, if it concluded that the defendants were "mules." It appears that the district court, understandably, misunderstood the import of our prior memorandum disposition and erroneously concluded that our disposition prevented it from finding that defendants Quijada-Castillo and Sotelo-Gamez were "mules." Indeed, it appears that our prior disposition may well have created as much confusion as it dispelled. Thus, I would also remand as to these two defendants on the ground that the district court may have failed to understand the scope of its discretion. See United States v. Khoury, 62 F.3d 1138, 1141 (9th Cir.1995).
 
 
 47
 Since the minimum sentence that Quijada-Castillo and Sotelo-Gamez could receive in any event is 15 years each, since neither of these young defendants appears to have any prior criminal record, and since the district judge originally imposed the minimum sentences on both of them, I would think that we would want to be absolutely certain before affirming that the district judge did not believe that he was required by our memorandum disposition to impose the almost 25-year sentences that he gave these two first-time offenders upon remand. I simply do not believe, after reading and re-reading the entire sentencing transcript--whatever any isolated portions may suggest--that we can have the requisite degree of certitude.
 
 
 48
 I would vacate all three sentences and, with apologies to the district judge, remand for resentencing.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Formerly Rule 32(c)(3)(d)
 
 
 [2]
 Formerly Rule 32(a)(1)(A)