**UNITED STATES of America, Appellee,**

v.

**Dexter D. CAMBRIDGE, Defendant,**

Anthony SMITH, Defendant–Appellant.

No. 03–1312.

United States Court of Appeals,
Second Circuit.

Nov. 17, 2003.

Katina L. Francis, Lisman Webster, Kirkpatrick & Leckerling, P.C., (Mark D. Oettinger, on the brief), Burlington, VT, for Appellant.

David V. Kirby, Assistant United States Attorney (Peter W. Hall, United States Attorney for the District of Vermont, on the brief; Carol L. Shea, Assistant United States Attorney), Burlington, VT, for Appellees, of counsel.

PRESENT: CARDAMONE,
SOTOMAYOR, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Anthony Smith appeals the sentence imposed in the United States District Court for the District of Vermont (Sessions, C.J.), following a guilty plea to possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1). Smith was sentenced to 78 months' incarceration and a six-year term of supervised release. On appeal, Smith challenges the district court's denial of a three-level reduction for a mitigating role in the offense, and the denial of an adjustment for acceptance of responsibility. For the reasons that follow, we affirm.

■ Smith argues that he was entitled to a three-level role reduction, rather than the two-level reduction imposed by the district court, because, under U.S.S.G. § 3B1.2, his role in the drug distribution scheme was between minor and minimal. Smith also argues that the district court's findings, as a whole, were insufficient to determine his role in the offense, and that one of the court's findings, that he was actively involved in the drug trade, was erroneous. The defendant bears the burden of establishing by a preponderance of the evidence that his conduct was between minor and minimal, "as compared to the average participant in such a crime." *United States v. Carpenter*, 252 F.3d 230, 234–35 (2d Cir.2001); *see also United States v. Ajmal*, 67 F.3d 12, 18 (2d Cir. 1995).[1] We hold that Smith has failed to show that his participation in the offense was between minor and minimal.

■ In a series of unsworn, uncorroborated statements, Smith claims that, because he had very little knowledge of the nature and scope of the drug distribution enterprise and was not important to the success of the venture, relative to other participants, his participation should be characterized as between minimal and minor. Smith's arguments overlooks the fact that entitlement to the role mitigation adjustment is determined in comparison to the *average* participant in a drug distribution scheme, not just co-conspirators in the instant offense. Although Smith may have played a minor to minimal role in this particular scheme, there was ample evidence for the district court to conclude that, relative to the average member of a narcotics trafficking scheme, Smith was actively involved in the enterprise and, *at a minimum*, played a minor role in the offense. For example, Smith ultimately pled guilty to possession of heroin with intent to distribute, and as the district court noted, confessed to participating in at least three drug-ferrying trips from New York to Vermont, was paid for his services, and was in possession of the drugs at the time of his arrest. There was also evidence suggesting that, during drug-ferrying trips, Smith employed his visual impairment as a ruse to avoid detection by law enforcement. Finally, as the court also noted, Smith admitted to returning to New York independently, where he was engaged in drug use. On this record, and contrary to defendant's asser-

---

1. There is some division within the Second Circuit as to whether a challenge to a sentencing court's decision regarding a mitigating role adjustment is reviewed for clear error, or whether it is subject to *de novo* review as a conclusion of law. *Compare United States v. Castaño*, 234 F.3d 111, 113 (2d Cir. 2000) ("We review for clear error a sentencing court's finding that a defendant did not play a minor role in the offense.") *with United*

*States v. Gaston*, 68 F.3d 1466, 1468 (2d Cir. 1995) (per curiam) ("We review *de novo* the district court's legal conclusion as to whether the circumstances constitute 'minimal' or 'minor' participation.").

We take no position on the division in the standard of review, and note that, under either standard, the district court's sentencing decision was proper.

tions, the district court had ample ground to find that Smith was actively involved in the drug trade as a user and a distributor. *See United States v. Garcia,* 920 F.2d 153, 155 (2d Cir.1990) (approving the district court's refusal to grant role reduction to a defendant who operated only as a drug courier). Accordingly, the facts presented provided a sound basis for the district court to conclude that, relative to the average participant in a drug distribution scheme, Smith played *at least* a minor role in the enterprise.

■ Smith also argues that, because he pled guilty, admitted the offense conduct, cooperated with the government, and voluntarily entered drug treatment, he was entitled to an adjustment based on acceptance of responsibility even though he obstructed justice by initially giving false information about the offense and by evading sentencing. A sentencing court's determination that a defendant has not accepted responsibility is entitled to "great deference on review," *see* § 3E1.1 cmt. n. 5, and will not be disturbed unless it is without foundation, *United States v. Thompson,* 76 F.3d 442, 456 (2d Cir.1996). We agree with the district court that the circumstances of this case do not warrant an adjustment for acceptance of responsibility. Although Smith made a timely plea and submitted to drug treatment, his conduct was otherwise inconsistent with acceptance of responsibility. Smith initially gave false information concerning the offense conduct and made inconsistent statements regarding his role in the enterprise. He also failed to complete drug treatment and relapsed into drug abuse. Further, it is well-established that by willfully failing to appear for sentencing, a defendant fails to accept responsibility for the offense, regardless of whether there was a plea agreement stipulating credit for the adjustment. *United States v. Loeb,* 45 F.3d

719, 722 (2d Cir.1995). Smith willfully evaded sentencing by remaining in New York, despite his knowledge of the pending charges in Vermont, and by twice failing to appear for his scheduled sentencing. Based on these facts, the district court had sufficient grounds to conclude that Smith had "absolutely not" accepted responsibility.

For these reasons, the judgment of the district court is AFFIRMED.