**UNITED STATES of America, Appellee,**

v.

**Jacinto SANTANA, Defendant–Appellant.**

Nos. 03–1604, 03–1618.

United States Court of Appeals, Second Circuit.

March 24, 2004.

**192**

Alan M. Nelson, Lake Success, NY, for Appellant.

Raymond J. Lohier, Jr., Assistant United States Attorney (Laura Grossfield Birger, Assistant United States Attorney, David N. Kelley, United States Attorney for the Southern District of New York, on the brief), New York, NY, for Appellee, of counsel.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. MILTON POLLACK, Senior District Judge.*

### SUMMARY ORDER

Defendant-appellant Jacinto Santana ("Santana") appeals the sentence imposed by the United States District Court for the Southern District of New York (Martin, J.) following his guilty plea to one count of possession with intent to distribute cocaine within one thousand feet of a public school, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(B) and 845a(a) (1989), and one count of failure to appear before the court as a required condition of his release, in violation of 18 U.S.C. §§ 3146(a)(1) and (b)(1)(A)(i). Santana was sentenced to concurrent terms of 57 months' imprisonment on each conviction and an eight-year term of supervised release for the drug conviction, to be served concurrently with a three-year term of supervised release for his failure-to-appear conviction. On appeal, Santana challenges the district court's denial of a two-level reduction for a mitigating role in the offense under U.S.S.G. § 3B1.2.

Santana argues that the district court erred in denying him the two-level role reduction by weighing Santana's culpability in relation to the average participant in a typical drug distribution scheme, rather than in relation to the average participant in his specific drug distribution scheme. Santana contends that relative to the other participants in his specific drug distribution scheme, his role was minor as a matter of law, and the district court's finding that his role was not minor when compared to the average person convicted of his offense was clearly erroneous. We disagree.

Santana "bears the burden of establishing by a preponderance of the evidence that he is entitled to a mitigating role adjustment under [U.S.S.G. § 3B1.2]." *United States v. Carpenter,* 252 F.3d 230, 234 (2d Cir.2001). We have on numerous occasions "reiterated that [a] reduction [pursuant to U.S.S.G. § 3B1.2] will not be available simply because the defendant played a lesser role than his co-conspirators; to be eligible for a reduction, the defendant's conduct must be 'minor' or 'minimal' as compared to the average participant in such a crime." *Carpenter,* 252 F.3d at 235 (internal quotation marks and citation omitted). Further, "the fact that a defendant played a minimal or minor role in his offense vis-a-vis the role of his co-conspirators is insufficient, in and of itself, to justify a [mitigating role] reduction." *Id.* (internal quotation marks and citation omitted). Contrary to Santana's conten-

* The Honorable Milton Pollack, United States District Court for the Southern District of New York, sitting by designation.

tions, the incorporation of the definition of "participant" into U.S.S.G. § 3B1.2 comment (n.1) in 2001 did nothing that would suggest there is a need to revisit our prior holdings in this respect. We therefore find no error in the district court's refusal to grant the reduction after comparing Santana's conduct with the average participant in similar drug schemes.

Furthermore, reviewing the factual record *de novo* or for clear error,[1] we, like the district court, find that Santana stipulated to sufficient facts when entering his guilty plea to support the conclusion that Santana was not entitled to the two-level role reduction. *See United States v. Imtiaz*, 81 F.3d 262, 264–65 (2d Cir.1996) (upholding denial of minor participant reduction to defendant who brokered drug transaction and delivered the drugs).

Lastly, we note that a separate appeal was taken in this case from the failure-to-appear conviction, No. 03–1618. Counsel for Santana subsequently moved to have both appeals consolidated and requested permission to file a single brief. That motion was granted on December 9, 2003. In response to an inquiry from this Court, Santana's counsel represented that indeed the lone brief submitted was intended to address the issues raised in both appeals. Because the brief contains no argument whatsoever with respect to Santana's conviction for failing to appear, however, any claim regarding the failure-to-appear conviction is waived.

1. Although Santana points to Second Circuit caselaw which he claims points in different directions with respect to the standard of review applied to a district court's refusal to grant a minor role adjustment, compare *United States v. Gaston*, 68 F.3d 1466, 1468 (2d Cir.1995) (per curiam) ("We review *de novo* the district court's legal conclusion as to whether the circumstances constitute 'mini-

The judgments are therefore AFFIRMED.

mal' or 'minor' participation.") with *United States v. Cataño*, 234 F.3d 111, 113 (2d Cir. 2000) ("We review for clear error a sentencing court's finding that a defendant did not play a minor role in the offense."), we need not address this issue as we would reach the conclusion that Santana did not play a minor role under either standard.