**UNITED STATES of America,
Appellee,**

v.

**Evangelos KONSTANTAKAKOS, aka
Angelo Konstantakakos, Albert Guzman, Defendants–Appellants.**

**Nos. 03–1651, 03–1689.**

United States Court of Appeals,
Second Circuit.

Feb. 11, 2005.

Edward V. Sapone, New York, New York, for Albert Guzman.

Lawrence D. Gerzog, New York, New York, for Evangelos Konstantakakos.

Cameron Elliot, Assistant United States Attorney (Jo Ann M. Navickas, Sean Haran, Assistant United States Attorneys, on the brief), for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, New York, for Appellee.

PRESENT: RAGGI, WESLEY, Circuit Judges, and DRONEY, District Judges.[1]

### SUMMARY ORDER

Defendants-appellants Konstantakakos and Guzman were convicted after jury trial of visa fraud and conspiracy to commit visa fraud in violation of 18 U.S.C. §§ 371, 1546. Konstantakakos seeks reversal of his conviction on three grounds: (1) § 1546 is unconstitutionally vague on its face, (2) the district court erred in charging the jury on visa fraud, and (3) the district court violated his Sixth Amendment rights by imposing sentence based on facts not proved beyond a reasonable doubt to the

1. The Honorable Christopher F. Droney, of the United States District Court for the District of Connecticut, sitting by designation.

jury. Guzman seeks only resentencing on a single ground: the district court's purported error in awarding him a three- rather than four-level downward adjustment for role in the calculation of his sentencing guidelines. We assume the parties' familiarity with the facts and the record of proceedings, which we reference only as necessary to explain our decision.

1. *Standard of Review*

Preliminarily, we note that with the exception of Konstantakakos's Sixth Amendment challenge to his sentence, none of the points raised on this appeal was argued to the district court. Accordingly, while we review the Sixth Amendment challenge de novo, we review appellants' unpreserved arguments only for plain error. *See United States v. Olano,* 507 U.S. 725, 732–34, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Venturella,* 391 F.3d 120, 133 (2d Cir.2004); *United States v. Rybicki,* 354 F.3d 124, 128–29 (2d Cir.2003) (en banc); *United States v. Thomas,* 274 F.3d 655, 667 (2d Cir.2001) (en banc). By that standard, we can correct an error not raised in the district court only if appellant demonstrates (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Olano,* 507 U.S. at 73, 113 S.Ct. 17702. If all three conditions are met, we may, in our discretion, notice the forfeited error, but only if (4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks, alterations, and citation omitted). For the reasons stated herein, we conclude that appellants have failed in their plain error arguments.

2. *Konstantakakos's Vagueness Challenge*

Due process demands that a statute be written with sufficient clarity (1) to serve notice on ordinary people of the conduct prohibited, and (2) to safeguard against arbitrary and discriminatory enforcement. *See Grayned v. City of Rockford,* 408 U.S. 104, 108–09, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). Title 18 U.S.C. § 1546 states in relevant part:

> Whoever ... knowingly subscribes as true, any false statement with respect to a material fact in any application, affidavit, or other document required by the immigration laws or regulations prescribed thereunder, or knowingly presents any such application, affidavit, or other document which contains any such false statement or which fails to contain any reasonable basis in law or fact [shall be guilty of fraud].

Konstantakakos does not—nor could he—complain that this language is unconstitutionally vague as applied to his case, such that the district court's failure to dismiss the indictment, sua sponte, on due process grounds constituted plain error. The statute clearly proscribes the knowing submission of false statements of material fact in immigration applications. Such a scienter requirement generally eliminates statutory vagueness concerns. *See Colautti v. Franklin,* 439 U.S. 379, 395, 99 S.Ct. 675, 58 L.Ed.2d 596 (1979); *United States v. Curcio,* 712 F.2d 1532, 1543 (2d Cir.1983) (Friendly, J.). Moreover, the trial evidence convincingly established that Konstantakakos knowingly and deliberately submitted multiple false statements on scores of visa applications. For example, he falsely represented that the applicants were renowned artists and entertainers, when he knew that they were not; he falsely represented that such persons were employed by various shell companies established by him, when he knew that they were not; and he falsely represented that his companies had confirmed bookings for these artists to appear at various United States performance venues, when he knew that they did not, all in an effort fraudu-

lently to secure visas pursuant to 8 U.S.C. §§ 1101(a)(15)(P)(1), 1184(c)(4)(B) and 8 C.F.R. § 214.2(p) ("P–1 visas").

■ As a rule, "a person to whom a statute may constitutionally be applied will not be heard to challenge that statute on the ground that it may conceivably be applied unconstitutionally to others, in other situations not before the Court." *Parker v. Levy*, 417 U.S. 733, 759, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974) (quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 610, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973)); *see also Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495, 102 S.Ct. 1186, 71 L.Ed.2d 362 (1982) (instructing that a court confronting a vagueness challenge should "examine the complainant's conduct before analyzing other hypothetical applications"). Seeking to avoid this rule, Konstantakakos submits that broader facial vagueness review of § 1546 is warranted because the statute, on its face, threatens conduct protected by the First Amendment, specifically, expressions of opinion as to the recognition or accomplishment achieved by an artist or entertainer applying for a P–1 visa. We disagree.

Although the Supreme Court has recognized a "limited exception[ ]" to the principle of as-applied vagueness review when a challenged statute, on its face, implicates First Amendment rights, *see Parker v. Levy*, 417 U.S. at 759, 94 S.Ct. 2547; *Kolender v. Lawson*, 461 U.S. 352, 358, 103 S.Ct. 1855, 75 L.Ed.2d 903 (1983); *Dombrowski v. Pfister*, 380 U.S. 479, 486, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965),[2] it has long been established that the First

Amendment does not shield knowingly false statements made as part of a scheme to defraud, *see Illinois ex rel. Madigan v. Telemarketing Assocs., Inc.*, 538 U.S. 600, 611, 123 S.Ct. 1829, 155 L.Ed.2d 793 (2003) (and cases cited therein to support the statement that, although the "First Amendment protects the right to engage in charitable solicitation ... [,] the First Amendment does not shield fraud"); *see also United States v. Rowlee*, 899 F.2d 1275, 1279 (2d Cir.1990) (rejecting First Amendment challenge to making false statements in connection with fraudulent tax return). No different conclusion is warranted simply because a knowing falsehood might be couched as an "opinion." As this court observed in *United States v. Rubinstein*, 166 F.2d 249, 255 (2d Cir. 1948), even if statements are "expressions of opinion, pertaining to future matters only, the making of them implied that the makers believed them to be true. If this belief were not honestly entertained, therefore, the statements contained a misrepresentation of present fact." *See also United States v. Autuori*, 212 F.3d 105, 119 (2d Cir.2000) (noting that expression of opinion not honestly entertained is a factual misrepresentation); *United States v. Amrep Corp.*, 560 F.2d 539, 544 (2d Cir. 1977) (same, citing *Rubinstein* ).

In sum, because § 1546, on its face, applies only to knowing falsehoods material to the immigration submission at issue, and because such deliberate falsehoods enjoy no First Amendment protection, we conclude that there is no merit to Konstan-

2. Even in such circumstances, a court must presume the validity of the statute, *see Parker v. Levy*, 417 U.S. at 757, 94 S.Ct. 2547, and cannot construe it "to violate the Constitution if any other possible construction remains available." *Rust v. Sullivan*, 500 U.S. 173, 190, 111 S.Ct. 1759, 114 L.Ed.2d 233 (1991)

(quoting *NLRB v. Catholic Bishop of Chicago*, 440 U.S. 490, 500, 99 S.Ct. 1313, 59 L.Ed.2d 533 (1979)). Because we conclude that § 1546 does not, on its face, implicate First Amendment rights, we need not consider possible limiting constructions.

takakos's vagueness challenge and, necessarily, no plain error by the district court.

### 3. *Jury Instructions*

A jury instruction is erroneous if, "viewing the charge as a whole," *see United States v. Aina–Marshall,* 336 F.3d 167, 170 (2d Cir.2003), "it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law." *United States v. Pimentel,* 346 F.3d 285, 301 (2d Cir.2003). We find no such error in this case, and certainly no plain error.

■ First, to the extent Konstantakakos faults the district court for instructing the jury that statements as to *future* circumstances could constitute knowingly false assertions of fact (if the defendant "knew the circumstance would not be true" or "knew he had no reasonable basis for believing that it would be true"), he is wrong. The submission to immigration authorities of a statement alluding to future events implies a present belief in the statement's truth, which, if not honestly entertained, qualifies as "a misrepresentation of present fact" that can support a prosecution for fraud. *See United States v. Amrep Corp.,* 560 F.2d at 544; *United States v. Rubinstein,* 166 F.2d at 255 & n. 7.

■ Second, there is no merit to Konstantakakos's contention that, because visa applicants are not required to submit photographs with their applications, the court erred in instructing the jury that *all* evidence submitted with the visa application is "required" by law. We note that the challenged statement was part of a lengthy instruction that carefully and correctly reviewed for the jury the submission requirements for a P–1 visa. A performance visa applicant who does not demonstrate international recognition through evidence of his entertainment "group's nomination or receipt of significant international awards or pri[z]es for outstanding achieve-ment in its field" must demonstrate international recognition by the submission of three of six specific "different types of documentation." 8 C.F.R. § 214.2(p)(4)(iii)(B)(3). The trial record shows that defendants submitted the disputed photos as documentation pursuant to this requirement. Although the law certainly afforded them a choice as to how they would satisfy the documentation requirement, once they made their choice, the documents accompanying the applications were "required" by the regulations, and the instruction, therefore, did not mislead the jury but correctly informed it as to the applicable law. *See United States v. Pimentel,* 346 F.3d at 301.

### 4. *Konstantakakos's Sixth Amendment Challenge to His Sentence*

■ Relying on *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), Konstantakakos claims that his Guidelines-determined sentence constitutes a violation of his rights under the Sixth Amendment to the United States Constitution. In light of the Supreme Court's decision in *United States v. Booker,* — U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and this court's decision in *United States v. Crosby,* 397 F.3d 103 (2d Cir.2005), this case is remanded to the district court for further proceedings in conformity with *Crosby.*

### 5. *Guzman's Challenge to the Calculation of His Sentencing Guidelines*

Guzman neither raises a Sixth Amendment challenge to his sentence nor joins in that of Konstantakakos. Instead, he asserts simply that the district court miscalculated his Guidelines by failing to award him a four-level decrease in offense level for minimal role. *See* U.S.S.G. § 3B1.2, cmt. n. 1; *United States v. Castaño,* 234 F.3d 111, 113 (2d Cir.2000). Although we review de novo a district court's legal conclusion as to whether the circumstances

presented in a given case constitute "minimal" or "minor" participation in the crime of conviction, *see United States v. Carpenter*, 252 F.3d 230, 234 (2d Cir.2001); *United States v. Gaston*, 68 F.3d 1466, 1468 (2d Cir.1995) (per curiam), we are mindful that any assessment of a defendant's role "is highly fact-specific," *United States v. Carpenter*, 252 F.3d at 234 (quoting *United States v. Shonubi*, 998 F.2d 84, 90 (2d Cir.1993)), and that we review the district court's underlying factual findings for clear error, giving "due deference to the district court's application of the guidelines to the facts," *id.* (quoting 18 U.S.C. § 3742(e)). *See also United States v. Vasquez*, 389 F.3d 65, 76–77 (2d Cir.2004) (discussing propriety of "either/or approach" to selecting standard of review of district court's application of a guideline to facts, explaining that selection should focus on "whether the sentencing judge's application of guideline to facts primarily (or essentially) involves an issue of fact of law," selecting de novo review where issue turned on meaning of language in U.S.S.G. § 3D1.2, and recognizing clear error review would be warranted in § 3D1.2 context if case turned on factual issue). In so doing, we consider that it is the defendant who bears the burden of establishing by a preponderance of the evidence that he is entitled to any mitigating role adjustment. *United States v. Castaño*, 234 F.3d at 113; *accord United States v. Carpenter*, 252 F.3d at 234.

█ Applying these principles to this case, we conclude that the district court properly awarded a three rather than a four-level adjustment in role based on its reasonable finding that Guzman's part in the substantive crimes of conviction warranted no mitigating adjustment, but his role in the conspiracy warranted more than a two-level reduction in offense level.

Accordingly, as to appellant Albert Guzman, we hold that the October 30, 2003, judgment of conviction is hereby AFFIRMED. As to appellant Evangelos Konstantakakos, we reject all his arguments on appeal except for his Sixth Amendment challenge to his sentence. On that single issue, we REMAND this case to the district court for further proceedings consistent with this order.