**UNITED STATES of America,
Appellee,**

v.

**Gonzalo Alberto PAREDES,
Defendant–Appellant.**

**No. 07–1996–cr.**

United States Court of Appeals,
Second Circuit.

July 23, 2008.

Lawrence Gerzog, New York, NY, for Defendant–Appellant.

Jessica A. Masella, Assistant United States Attorney (Daniel A. Braun, Assistant United States Attorney, of counsel, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: Hon. ROGER J. MINER, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

Defendant-appellant Gonzalo Alberto Paredes appeals from the May 8, 2007 judgment of the United States District Court for the Southern District of New York (Scheindlin, *J.* ), convicting him, following a guilty plea, to one count of conspiracy to distribute narcotics in violation of 21 U.S.C. § 846, and sentencing him principally to seventy months' imprisonment and four years of supervised release. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Paredes challenges his sentence on the ground that the district court erred by failing to provide sufficient legal analysis supporting its determination that a four-level reduction for his "minimal" role in the offense was unwarranted. *See*

U.S.S.G. § 3B1.2(a). Paredes suggests that the district court failed to comprehend the distinction between "minor" and "minimal" participants under the Guidelines, because the court made specific findings with regard to its ruling that Paredes was entitled to a two-level "minor" role reduction but did not so with regard to its rejection of Paredes' request for an adjustment as a "minimal" participant in the charged conspiracy.

We review a district court's factual findings as to the extent of a defendant's role in an offense under the clearly erroneous standard, but "[w]e review *de novo* the district court's legal conclusion as to whether the circumstances constitute 'minimal' or 'minor' participation." *United States v. Gaston,* 68 F.3d 1466, 1468 (2d Cir.1995) (per curiam); *see also United States v. Gotti,* 459 F.3d 296, 349 (2d Cir. 2006) (discussing "either/or" approach to selecting standard of review of district court's application of the Guidelines to specific facts of a case). On the record before us, we have no difficulty affirming the district court's decision not to grant Paredes a four-level reduction for "minimal" participation, even pursuant to our *de novo* review.

Although the district court did not preface its conclusion that Paredes was not entitled to a "minimal" role reduction by summarizing all of its underlying findings, the court thereafter cited the appropriate legal standard for determining a mitigating role adjustment, *see United States v. Carpenter,* 252 F.3d 230, 234 (2d Cir.2001), and the basis for the court's decision is manifest in the transcript of the sentencing hearing: (i) Paredes had on more than one occasion delivered substantial cash payments as transportation fees for the drugs; (ii) Paredes knew the transaction involved a large amount of drugs; and (iii) Paredes was trusted to take possession of and deliver a valuable quantity of drugs. *See* U.S.S.G. § 3B1.2 comment n. 4 (explaining that "the defendant's lack of knowledge or understanding of the scope and structure of the enterprise ... is indicative of a role as minimal participant"). At the outset of the hearing, moreover, the district court explicitly acknowledged Paredes' request that he "receive a four-level departure for his minimal role in the offense." Paredes' counsel also conceded during a lengthy deliberation that Paredes was an unlikely candidate for the four-point reduction: "[T]his isn't at first blush necessarily the kind of case that you would necessarily give four points off for, because he did go twice."

Under the circumstances, we conclude that this is not a case, as Paredes implies, where the district court failed to realize that there was a difference between "minor" and "minimal" roles under the Guidelines. Paredes' claim that the district court failed to consider a minimal role reduction therefore has no merit.

For the foregoing reasons, the judgment of the district court is AFFIRMED.