UNITED STATES of America, Appellant,

v.

Darnley FARIA, Defendant–Appellee.

Docket No. 98–1180.

United States Court of Appeals,
Second Circuit.

Argued Nov. 30, 1998.

Decided Dec. 3, 1998.

Richard D. Daddario, Assistant United States Attorney for the Southern District of New York, (Mary Jo White, United States Attorney, Alexandra A.E. Shapiro, Assistant United States Attorney, of counsel), for Appellant.

Kirby D. Behre, Paul, Hastings, Janofsky & Walker LLP, Washington, D.C. (A. Jeff Ifrah, of counsel), for Appellee.

Before: VAN GRAAFEILAND, CABRANES, and NOONAN,* Circuit Judges.

PER CURIAM:

The government appeals from a sentence imposed by the United States District Court for the Southern District of New York (Lawrence M. McKenna, Judge ) following defendant-appellee Darnley Faria's plea of guilty to a charge of receiving bribes in connection with a federally-funded program, in violation of 18 U.S.C. §§ 666(a)(1)(B) and 2. The district court sentenced Faria to probation for three years (including one year of home confinement) and 200 hours of community service, and ordered him to pay $499,000 in restitution. The court arrived at that sentence after, inter alia, granting Faria a five-level downward departure from the applicable Sentencing Guidelines range on the basis of Faria's family circumstances. On appeal, the government contends that the district court abused its discretion in doing so. We agree, and, accordingly, vacate the sentence

---

* The Honorable John T. Noonan, Jr., of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

imposed by the district court and remand for re-sentencing.

## I.

Between 1993 and 1995, Faria worked as a project engineer for the City of New York ("City"). During that time, a contractor who was defrauding the City by over-billing for his employees' labor paid Faria bribes worth approximately $34,500 in exchange for the latter's agreement not to report the ongoing fraud. The contractor's fraudulent scheme resulted in a loss to the City of approximately $499,000. On November 17, 1997, Faria pled guilty to an information that charged him with accepting the bribes.

The Presentence Investigation Report ("PSR") prepared by the Probation Office in anticipation of Faria's sentencing calculated an offense level of 16 (including a three-level reduction for acceptance of responsibility) and a criminal history category of I. That combination yielded a sentencing range, under the United States Sentencing Guidelines ("Guidelines"), of imprisonment for 21 to 27 months.

With regard to Faria's family circumstances, the PSR and the information adduced at Faria's sentencing hearing revealed that Faria was a recently-divorced father of three children, aged 10, 11, and 13. All of the children lived with their mother, in a house financed in part by the proceeds of Faria's crime. Faria's ex-wife was employed as a systems analyst and earned approximately $40,000 annually. She also received roughly $278 per week from Faria in child support payments.

At Faria's sentencing hearing, the district court accepted the initial Guidelines calculation set forth in the PSR, but then granted Faria a six-level downward departure—one level on the ground that the monetary loss attributed to Faria ($499,900) overstated his culpability, and five levels on the basis of Faria's family circumstances.[1] The district court explained its downward departure for family circumstances as based on the fact

that Faria's children were minors and that they depended on his financial support to maintain their standard of living. The court added that it granted the downward departure "in the context" of the fact that this was Faria's first conviction, that the offense was non-violent, and that Faria had been cooperative with law enforcement authorities.

Having made these adjustments to the Guidelines calculation in the PSR, the district court sentenced Faria as described above. This appeal followed.

## II.

The Sentencing Guidelines mandate that "[f]amily ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." *See* U.S.S.G. § 5H1.6. Accordingly, a district court may depart on the basis of family circumstances only in exceptional circumstances. *See United States v. Sprei,* 145 F.3d 528, 534 (2d Cir. 1998). We review a district court's decision to depart from the applicable Guidelines range for abuse of discretion and give due deference to the district court's institutional advantage over an appellate court in comparing one sentencing case to another. *See Koon v. United States,* 518 U.S. 81, 116 S.Ct. 2035, 2046–48, 135 L.Ed.2d 392 (1996); *Sprei,* 145 F.3d at 533 (2d Cir.1998). Nonetheless, our review must "ensure that 'the circumstances relied upon to justify a downward departure are [not] so far removed from those found exceptional in existing case law that the sentencing court may be said to be acting outside permissible limits.'" *Sprei,* 145 F.3d at 534–35 (quoting *United States v. Galante,* 111 F.3d 1029, 1034 (2d Cir.1997)).

In the past, we have upheld downward departures based on family circumstances "where the family was uniquely dependent on the defendant's ability to maintain existing financial and emotional commitments." *Id.* at 535. For example, the defendant in *United States v. Alba,* 933 F.2d 1117 (2d Cir. 1991), worked at two jobs to support his wife, two children, grandmother, and (notably) a

---

1. The government does not challenge the one-level downward departure for overstatement of Faria's culpability.

disabled grandfather who depended on the defendant's physical strength "to help him get in and out of his wheelchair." *Id.* at 1122. Similarly, the defendant in *United States v. Johnson,* 964 F.2d 124 (2d Cir.1992), was solely responsible for the upbringing of four young children, including an infant. *See id.* at 129. Finally, in the more recent case of *United States v. Galante, supra,* we upheld a downward departure where the defendant was primarily responsible for supporting a wife and two children and where the defendant's wife spoke little English and had a limited earning capacity. *See id.* at 1035. Significantly, in denying the government's suggestion for a rehearing in banc in *Galante,* we clearly stated that we "regard[ed] the panel decision as limited to its precise facts and not an invitation to district judges to depart downward in the absence of truly exceptional family circumstances." *United States v. Galante,* 128 F.3d 788, 788 (2d Cir.1997) (in banc) (*per curiam* ).

■ While we do not wish to minimize the hardship that Faria's incarceration undoubtedly will cause his children and ex-wife, we believe that the factors relied upon by the district court fall well short of what is required to justify a downward departure on the basis of family circumstances. The financial and emotional consequences of Faria's incarceration are no greater than those faced by most criminal defendants who have a family, and in fact may be somewhat less serious than those faced by many such defendants—although Faria pays child support, he no longer lives with his children, and his ex-wife earns approximately $40,000 per year. Under these circumstances, we cannot conclude that Faria's family is uniquely dependent on the support it currently receives from him. At a minimum, it is clear that the facts presented in Faria's case are far less grave than those that led us to approve the downward departures granted to the defendants in *Alba, Johnson,* and *Galante.*

### III.

For the foregoing reasons, the sentence imposed by the district court is vacated and the matter is remanded to the district court for re-sentencing consistent with this opinion.[2]

2. Faria has asked that he be permitted on remand to seek a downward departure on the basis of his purported assistance to local law enforcement authorities, an issue that Faria did not include in his initial request for a downward departure. We leave it to the district court, in the exercise of its informed discretion, whether to entertain Faria's request for a downward departure on this ground. *See United States v. Kaye,* 140 F.3d 86 (2d Cir.1998) (holding that district court may grant downward departure on the basis of defendant's assistance to local law enforcement authorities). Alternatively, Faria asks that he be permitted to reargue his position regarding (1) the possible application of U.S.S.G. § 2C1.2 (the gratuities provision) to his offense and (2) the calculation of the loss amount. These matters were considered by the district court at the initial sentencing, and Faria has failed to challenge the court's rulings on appeal. Accordingly, he may not relitigate these issues on remand.