**UNITED STATES of America,
Appellant,**

v.

**Max Alejandro MADRIGAL; Carlos Estevez; William Soto; Omar Mieses; Julio Aybar; Robert Garcia, Defendants,**

**Graciela Ortiz, Defendant–Appellee.**

**Docket No. 02–1475.**

United States Court of Appeals,
Second Circuit.

Argued: Monday, April 21, 2003.

Decided: June 5, 2003.

Christine H. Chung (Bret R. Williams, on the brief), Assistant United States Attorneys, for James B. Comey, United States Attorney for the Southern District of New York, New York, N.Y., for Appellant.

Richard H. Rosenberg, New York, N.Y., for Defendant–Appellee.

Before: CALABRESI, F.I. PARKER, and SACK, Circuit Judges.

PER CURIAM.

On January 15, 1999, Graciela Ortiz was convicted of violations of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), & 846. The district court (McKenna, *J.*) sentenced Ortiz on June 14, 2000 to ninety-seven months' imprisonment. We subsequently vacated that sentence and remanded, holding that the district court had exceeded its authority under the Sentencing Guidelines when it applied a two-level downward departure on the ground that Ortiz's perjury (for which she had received a two-level upward enhancement pursuant to U.S.S.G. § 3C1.1) was "aberrant." *United States v. Ortiz,* 251 F.3d 305 (2d Cir.2001). A second sentencing hearing was held on July 9, 2002. At that hearing, the district court, which at the first sentencing hearing had denied Ortiz's request for a downward de-

parture based on family circumstances, held that her family's circumstances now warranted an eight–level downward departure. The court then sentenced Ortiz to fifty-one months' imprisonment, the bottom of the resulting Guidelines range. The government appeals the downward departure for family circumstances.

■ Ortiz finished serving her term of imprisonment on September 26, 2002 and was deported to Ecuador on December 10, 2002. While Ortiz has already been deported, the issue is not moot. *See United States v. Suleiman,* 208 F.3d 32, 38 (2d Cir.2000).

■ We apply a "clearly erroneous" standard to a district court's factual findings and review its decision to depart from the applicable Guidelines range for abuse of discretion.[1] *United States v. Carpenter,* 320 F.3d 334, 342 (2d Cir.2003). A district court may depart on the basis of family circumstances only in "extraordinary circumstances." *United States v. Sprei,* 145 F.3d 528, 534 (2d Cir.1998). While we must give due deference to the district court's institutional advantage over an appellate court in comparing one sentencing case to another, *United States v. Faria,* 161 F.3d 761, 762 (2d Cir.1998) (per curiam), our review must "ensure that the circumstances relied upon to justify a downward departure are not so far removed from those found exceptional in existing case law that the sentencing court may be said to be acting outside permissible limits," *Sprei,* 145 F.3d at 534–35 (internal quotation marks and alterations omitted).

■ The government, citing *United States v. Carrasco,* 313 F.3d 750, 757 (2d

---

1. Before the district court, the government argued that a downward departure based on family circumstances exceeded the mandate of our court. The district court rejected this argument and the government does not appeal that ruling.

Cir.2002), suggests that the downward departure for family circumstances could not possibly have been warranted because it was clear that Ortiz would be deported as soon as she was released from prison. From this, the government contends, it follows that she would not be available to care for her family even if released early. But the government reads *Carrasco* incorrectly. *Carrasco* does not establish a *per se* rule that, where a defendant is likely to be deported at the end of his or her sentence, a downward departure for family circumstances is not available. Rather, *Carrasco* merely stands for the proposition that in certain cases—e.g., where the claimed family needs include the physical care of a relative who cannot leave the country, *id.*—the likelihood of deportation upon release is relevant to an assessment of whether a downward departure is warranted. In other family circumstances— e.g., where family members may choose to leave the country with the defendant or where the defendant may be able to provide the needed support from abroad, not to mention where deportation is not a foregone conclusion—the prospect of deportation does not preclude a downward departure on the basis of family circumstances.

■ After reviewing the facts, however, we conclude that, whether or not Ortiz was likely to be deported upon release, the district court abused its discretion in granting the downward departure for family circumstances. At the time of Ortiz's resentencing, only one of her six children was under eighteen. In support of a downward departure based on family circumstances, the district court cited the "very serious problems" faced by Ortiz's three youngest children, namely that her youngest child, who had a learning disability, was having difficulty in school, that her eighteen-year-old son had cut classes and failed to graduate, and that her youngest

daughter, who was then twenty-two years old, had suffered from major depressive disorder with psychotic features and had attempted suicide. Although the district court concluded that there was a "causal connection" between these problems and "the absence of a mother," the court also noted that it still thought that this "is a family of children [who] still care for each other." The district court apparently concluded that Ortiz's parents and her oldest daughter were struggling to care for the three youngest children, and that Ortiz would be better able to care for the children than any of the other available caretakers, but the court did not conclude that Ortiz was the only person capable of providing adequate care for the youngest children. There was also evidence that the family as a whole remained cohesive, that Ortiz's three older children were doing well and were available to care for their younger siblings, and that Ortiz's extended family was also available for caregiving.

Unfortunate as the circumstances described by the court are, they are not "extraordinary." They are the common collateral damage of imprisonment and are far enough removed from those circumstances that existing case law has found exceptional that we must conclude that the district court acted outside of permissible limits in granting the downward departure for family circumstances. *See, e.g., United States v. Johnson,* 964 F.2d 124, 129 (2d Cir.1992) (upholding departure where the defendant was solely responsible for the upbringing of four young children, including an infant); *United States v. Alba,* 933 F.2d 1117, 1122 (2d Cir.1991) (upholding departure where the defendant worked at two jobs to support his wife, two children, grandmother, and a disabled father, who depended on the defendant's physical strength "to help him get in and out of his wheelchair"); *see also Faria,* 161 F.3d at 763 (vacating a downward departure where

the defendant's three children were minors and depended on his financial support to maintain their standard of living); *United States v. Galante*, 111 F.3d 1029, 1035 (2d Cir.1997) (upholding downward departure where the defendant was primarily responsible for supporting a wife and two children and where the defendant's wife spoke little English and had a limited earning capacity), *reh'g en banc denied,* 128 F.3d 788, 788 (2d Cir.1997) (in banc) (per curiam) ("[T]he court regards the panel decision as limited to its precise facts and not an invitation to district judges to depart downward in the absence of truly exceptional family circumstances.").

Because Ortiz has been deported and cannot now be present for resentencing, we VACATE Ortiz's sentence and ORDER that, should Ortiz reenter the country, the government shall have 90 days after such time as the Government knows or reasonably should know that Ortiz is in this country and available for resentencing, *see* Fed.R.Crim.P. 43, to apply to the district court for a new sentence. In the event that Ortiz is resentenced a second time (her third sentencing), the district court's consideration of any downward departure for family circumstances should be made on the basis of Ortiz's family circumstances at the time of that resentencing proceeding.