**UNITED STATES of America,
Appellant,**

v.

**Shawn SMITH, Defendant–Appellee.**

**Docket No. 02–1606.**

United States Court of Appeals,
Second Circuit.

Argued: May 2, 2003.

Decided: June 9, 2003.

Jonathan S. Abernethy, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, Gary Stein, Assistant United States Attorney, on the briefs), New York, NY, for Appellant.

Philip L. Weinstein, The Legal Aid Society, Federal Defender Division, New York, NY, for Appellee.

Before: WALKER, Chief Judge, MINER and LEVAL, Circuit Judges.

LEVAL, Circuit Judge.

The Government appeals from a sentence imposed by the United States District Court for the Southern District of New York (McKenna, *J.*) on the defendant-appellee Shawn Smith. Smith was convicted of unlawful possession of a weapon by a convicted felon in violation of 18 U.S.C. § 922(g)(1). In passing sentence, the court accorded Smith the benefit of a downward departure from the range dictated by the United States Sentencing Guidelines ("U.S.S.G" or "the Guidelines") on the basis of Smith's family circumstances. The Government objected to the downward departure. It contends on appeal that Smith's family circumstances were not of the extraordinary nature necessary to justify a downward departure. We agree. We therefore remand for resentencing.

## BACKGROUND

On April 18, 2000, Smith was convicted of a felony in state court in Virginia. On

November 8, 2001, he was found with a gun by two officers of the New York City Police Department. His case was turned over to the United States Bureau of Alcohol, Tobacco, and Firearms, and Smith was charged with the federal offense of possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). On May 2, 2002, he pleaded guilty.

In anticipation of sentence, Smith moved for downward departure based on his family circumstances, pursuant to U.S.S.G. §§ 5K2.0 and 5H1.6. Smith's Presentence Report ("PSR") disclosed that he was a 26–year–old married man with a two-year-old son. Smith's wife worked at the New York City Urban League and attended college part-time. Her net pay after taxes was about $1400 per month; the family's net income was about $3000 per month. Their monthly rent and childcare expenses were about $1500 per month. Smith and his family lived two blocks away from his mother and half-sister.

In support of his motion for downward departure, Smith submitted letters from his wife and his mother to the effect that the family was dependent upon him for emotional and financial support. The letters demonstrated that Smith had a close relationship with his two-year-old son and played a major role in caring for him, including dropping him off at day care, feeding him dinner, bathing him, and putting him to bed. The letters further indicated that Smith's wife would be forced to stop going to college if he were sentenced to imprisonment.

The PSR recommended denial of downward departure. It pointed out that Smith's wife was gainfully employed and could support the family in his absence, and that his mother lived close by and could assist with childcare responsibilities.

The court concluded, on the basis of Smith's family responsibilities and the financial and emotional hardship that would result from his incarceration, that his family circumstances justified a downward departure. The court accordingly departed by reducing Smith's offense level from 12 to 9, which resulted in a sentencing guidelines range in Zone B of 6 to 12 months' imprisonment. Pursuant to U.S.S.G. § 5C1.1(c), if the offense level falls in Zone B of the sentencing table, "the minimum term may be satisfied by ... a sentence of probation that includes a condition ... that substitute[s] ... home detention for imprisonment." U.S.S.G. § 5C1.1(c)(3); see also U.S.S.G. § 5B1.1(a). The court sentenced Smith to two and a half years' probation, with one year to be served in home confinement. The Government appealed.

### DISCUSSION

The sole issue on appeal is whether Smith's family circumstances warranted a downward departure. We review the district court's decision to depart downward under an abuse of discretion standard. See Koon v. United States, 518 U.S. 81, 98–100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); United States v. Faria, 161 F.3d 761, 762 (2d Cir.1998) (per curiam). We must nonetheless ensure that the reasons for a departure comport with the standards established by law. See id. We conclude that Smith's family circumstances did not warrant departure, and accordingly remand for resentencing in accordance with this opinion.[1]

---

1. At oral argument, the government noted that the recently enacted PROTECT Act, Pub.L. No. 108–21, 117 Stat. 650 (2003), diminishing a district court's discretion to depart from the applicable sentencing guidelines range, may apply to this case. Because we find that the district court erred even when its decision is considered under the

 The Sentencing Guidelines provide that a defendant's "[f]amily ties and responsibilities ... are not ordinarily relevant in determining whether a sentence should be outside the applicable guideline range." U.S.S.G. § 5H1.6. Because the Guidelines disfavor departure based on family responsibilities, such a departure is not permitted except in extraordinary circumstances. *See United States v. Carrasco,* 313 F.3d 750, 756 (2d Cir.2002); *United States v. Johnson,* 964 F.2d 124, 128–29 (2d Cir.1992).

·We have upheld departures based on family circumstances found to be extraordinary. *See, e.g., United States v. Galante,* 111 F.3d 1029, 1035 (2d Cir.1997) (upholding departure where defendant provided substantial support for two children and defendant's wife spoke limited English); *Johnson,* 964 F.2d at 129–30 (upholding departure where defendant was sole support of several young children); *United States v. Alba,* 933 F.2d 1117, 1122 (2d Cir.1991) (upholding departure where defendant supported family and his disabled father relied on defendant to get out of his wheelchair).

 Smith's family circumstances are not extraordinary. It would not cause extraordinary hardship if he were imprisoned. Smith was not the sole caregiver or financial supporter of his son. It is true that during the relatively brief period of incarceration that Smith faces, his wife will in all likelihood be required to postpone her college studies and perhaps seek to supplement her income. It is not unusual, however, for a convicted defendant's incarceration to cause some hardship in the family. *See Faria,* 161 F.3d at 763. The hardship caused in this case will neither be of long duration nor particularly severe, and may be alleviated by the availability of

Smith's mother and half-sister for child care. This is not the sort of extraordinary hardship that justifies downward departure for family circumstances.

## CONCLUSION

The case is remanded for resentencing.

---

more deferential standard that preceded the PROTECT Act, we need not decide whether

the Act applies to sentences on appeal at the time of its enactment.