**UNITED STATES of America**

v.

**Anthony PETRELLI Defendant.**

**No. 03 CRIM. 899–01(VM).**

United States District Court,
S.D. New York.

March 2, 2004.

*DECISION AND ORDER*

MARRERO, District Judge.

## I. BACKGROUND

Defendant Anthony Petrelli ("Petrelli") pled guilty before this Court to one count of conspiracy to commit mail fraud after participating in a scheme contrived by Kenneth Cohen ("Cohen").[1] Prior to sentencing, Petrelli filed a motion for a downward departure from the United States Sentencing Guidelines on various grounds that he argues make this an extraordinary case. The Government opposed some of the grounds on which Petrelli sought a downward departure and took no position on other grounds. On February 27, 2004, the Court granted-in-part and denied-in-part Petrelli's motion and sentenced him at the lowest end of the applicable Guidelines range after adopting a three-level downward departure in the offense level. This Order serves to explain the Court's findings and basis for its decision.[2]

## II. DISCUSSION

A Court must evaluate a motion for downward departure to determine whether there are factors that potentially bring a case outside the "heartland" of cases contemplated by the Sentencing Guidelines. *See Koon v. United States*, 518 U.S. 81, 95–95, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). In preparation for Petrelli's sentencing, the United States Probation Department ("Probation") prepared a pre-sentence report (*See* Petrelli Pre-sentence Report, dated Feb. 18, 2004 (the "PSR").) In the PSR, Probation recommended a three-level departure in the offense level from level 19 to 16 based on Petrelli's extraordinary acceptance of responsibility in disclosing his offense and for making substantial restitution. (*See* PSR at 24.) In his motion, Petrelli urges the Court to adopt Probation's recommendation for downward departure. In addition, Petrelli seeks additional downward departures for the following reasons: (1) his minimal role in the offense, which, pursuant to § 3B1.2 of the Sentencing Guidelines, would merit a two-level decrease in the offense level in addition to the two-level decrease already recommended in the PSR for Petrelli's minor role; (2) aberrant behavior pursuant to § 5K2.20 of the Sentencing Guidelines; (3) the combination of Petrelli's personal and family circumstances, namely his age, medical condition, his bleak job status following his release from incarceration, and the loss of support that his elderly mother and stepfather would endure if he were incarcerated; (4) Petrelli's extraordinary post-offense rehabilitation; and (5) the fact that the loss amount attributed to Petrelli in the PSR just exceeded the threshold level of $2.5 million dollars, as set forth in § 2B1.1(b)(1) of the Sentencing Guidelines. Petrelli argues that it would be unfair to impose an eighteen-point enhancement for this loss amount when the same enhancement was applied to another defendant, Elvarado Baptiste ("Baptiste"),[3] who was

---

1. Cohen was indicted and sentenced separately in *United States v. Cohen*, Docket No. 03 CR 959–01 (S.D.N.Y.2003).

2. The Court also articulated its reasons for denying the motion on the record prior to imposing a sentence.

3. Baptiste was indicted and sentenced separately in *United States v. Baptiste*, Docket No.

involved in a separate but similar scheme with Cohen, and whose loss total was in excess of $5 million dollars, nearly twice the loss attributed to Cohen's scheme with Petrelli.

■ At the outset, the Court notes that the recent Amendments to the Sentencing Guidelines enacted to give effect to a Congressional mandate, *see* Pub.L. 108–21, 117 Stat 650, 68 Fed.Reg. 60154 (Oct. 21, 2003), place heightened restrictions on granting downward departures on certain grounds, including on the basis of a combination of factors. *See* U.S.S.G. § 5K2.0(c) and commentary. As a general rule, under 18 U.S.C. § 3553(a), the Court must use the Sentencing Guidelines in effect on the date of sentencing. However, as the Second Circuit has explained, if the amendments to the Guidelines result in a harsher sentence for the defendant than the Guidelines in effect at the time of the offense, the use of the amended Guidelines violates the *ex post facto* clause of the United States Constitution. *See United States v. Broderson,* 67 F.3d 452, 456 (2d Cir.1995).

Accordingly, because some of the bases for Petrelli's motion implicate the heightened restrictions that are the subject of the recent amendments to the Guidelines, the Court will apply the 2002 version of the Guidelines, which were in effect at the time of Petrelli's crime and which do not employ the heightened scrutiny for these types of sentencing departures.[4] Having established the applicable Guidelines, the Court considers the merits of Petrelli's motion.

■ At sentencing, the Court adopted Probation's finding that Petrelli played a minor role in the scheme. Thus, in applying § 3B1.2 of the Sentencing Guidelines,

the Court found that Petrelli's conduct in the scheme was less culpable than the conduct of Cohen, who admittedly devised and orchestrated the scheme and recruited Petrelli's participation. However, the Court is not persuaded that Petrelli was a minimal participant in the scheme. Under the Sentencing Guidelines, minimal participation is evidenced by a defendant's lack of knowledge or understanding of the scope and structure of the scheme and of the activities of others. *See* U.S.S.G. § 3B1.2 and commentary. The Court finds that Petrelli, although trained by Cohen and acting at his direction, had sufficient knowledge and understanding of the scope and structure of the operation.

The Court is also persuaded that Petrelli had sufficient knowledge of Cohen's activities in the scheme, although perhaps not every detail. On this point, the Court finds it instructive that Petrelli took various steps in carrying out the scheme, including opening bank accounts, establishing post-office boxes, and printing fraudulent invoices and business envelopes, among other acts. These acts, coupled with Petrelli's substantial profit from the scheme and its duration, which exceeded a period of one year, persuades the Court that a downward departure for a minimal role is not warranted in this case.

■ For similar reasons, the Court also rejects Petrelli's request for a downward departure on the grounds of aberrant behavior. Aberrant behavior is defined as a single criminal occurrence or transaction that was committed without significant planning; was of limited duration; and represents a marked deviation by the defendant from an otherwise law-abiding life. *See* U.S.S.G. § 5K2.20 and commentary.

4. Accordingly, all future references herein to the "U.S.S.G." shall be to the 2002 version, unless otherwise noted.

Under this definition, the Court finds no reason to depart on this basis in light of the duration of the unlawful enterprise and the extent of Petrelli's involvement, as evidenced by the acts he performed in furtherance of the enterprise during its operation.

With regard to the Petrelli's motion for a downward departure based on a combination of his personal and family circumstances, the Court finds that a downward departure is not warranted on this basis. Although the Court acknowledges that Petrelli's physical and emotional health may be failing, there is nothing so extraordinary in this case to warrant departure on this basis. There are undoubtedly many federal inmates with medical and/or emotional conditions of similar nature or severity that obtain treatment while in custody and are able to control their conditions. The Court discerns no extraordinary circumstance in this case, nor does the record suggest that the treatment available while in custody would be inadequate in the event a period of incarceration is imposed.

The Court likewise discerns no extraordinary circumstance in the effects that incarceration would have on Petrelli's employment with United Parcel Service that makes this case substantially different from any case where a employed defendant is incarcerated and thereby risks adverse consequences from his or her employer. Although the Court is not unsympathetic to these circumstances, it finds no basis to depart on these grounds.

The Court recognizes that, as Petrelli claims, the penal consequences of his actions may cause hardship to his family. Nevertheless, § 5H1.6 of the Sentencing Guidelines, and the rule in this Circuit, mandate that family circumstances are ordinarily not relevant, and, may provide justification for a downward departure only in uniquely exceptional circumstances. *See* U.S.S.G. § 5H1.6. Thus, a downward departure based on family circumstances is appropriate only "where the family was uniquely dependant on the defendant's ability to maintain existing financial and emotional commitments." *United States v. Sprei,* 145 F.3d 528, 535 (2d Cir.1998); *see also United States v. Faria,* 161 F.3d 761, 762 (2d Cir.1998). The Court finds that the hardships that Petrelli's mother and stepfather will face if Petrelli is incarcerated are no more extraordinary than those faced by the family of any federal criminal defendant who is incarcerated, and thereby forfeits his or her support during this period.

Furthermore, the PSR indicates that Petrelli lives alone and therefore, the loss of his support would not be as severe as if Petrelli shared a home with his mother and stepfather and was their primary caregiver. Also, the Court notes that according to the PSR, Petrelli's sister, who also resides in New Jersey, could presumably assist in the care of Petrelli's mother and thereby alleviate the negative impact of Petrelli's absence in the event of incarceration.

A downward departure for extraordinary family circumstances is not intended to reduce the defendant's culpability, but rather, its rationale is to prevent "wreak[ing] extraordinary destruction on dependents who rely solely on the defendant for their upbringing." *United States v. Johnson,* 964 F.2d 124, 129 (2d Cir. 1992). Because the persons claimed to be most affected by any period of incarceration that Petrelli may face are his mother and stepfather and not any minor dependents, the Court finds that the standard described in *Johnson* is not met in this case.

Likewise, the Court finds that Petrelli's post-offense rehabilitation efforts and com-

munity involvement, while commendable, do not make this case extraordinary to the level of warranting a departure on this basis.

In short, the Court concludes that none of these circumstances, whether considered separately or in combination, make this case so extraordinary to the point of taking it outside the heartland of cases contemplated by the sentencing guidelines pursuant to § 5K2.0.

■ Finally, the Court also rejects Petrelli's argument that a downward departure is warranted because the loss amount just exceeds the threshold of $2.5 million dollars as set forth in § 2B1.1(b)(1) of the Sentencing Guidelines, and thus, that it would be unfair to impose on him the same eighteen-point upward adjustment to the offense level that Baptiste received· because Baptiste's scheme resulted in a loss that was approximately twice that amount.

The United States Sentencing Commission has seen fit to establish this particular range of loss amount between $2.5 million and $7 million, and persons who choose to commit crimes involving such fraudulent monetary schemes run the risk that the total monies derived from their schemes will exceed the applicable thresholds and subject them to harsher penalties. The fact that a similar scheme may have yielded a significantly higher loss amount still within the range for an eighteen-point enhancement in the offense level is no basis to depart from the Guidelines.

Petrelli has urged this Court to draw favorable comparisons between his case and that of Baptiste with respect to the other grounds for downward departure and the resulting guidelines range. The Court sees no reason to deviate from this consideration when deciding whether to depart on the basis of the loss amount. The Court, therefore, denies Petrelli's motion for downward departure on this basis.

Accordingly, for the reasons discussed above, the Court grants-in-part Petrelli's motion to the extent it seeks the Court to adopt the three-level downward departure recommended by Probation in the PSR and denies-in-part Petrelli's motion to the extent it seeks any further departures. The Court acknowledges that it has the authority to grant further downward departures, but declines to exercise its discretion in this case.

## III. *ORDER*

For the reasons set forth above,· it is hereby

**ORDERED** that the motion of defendant Anthony Petrelli for a downward departure of the sentencing range applicable under the United States Sentencing Guidelines is GRANTED–IN–PART to the extent it seeks this Court to adopt the three-level downward departure in the offense level as recommended by the United States Probation Department in its presentence report; and it is further

**ORDERED** that the motion of defendant Anthony Petrelli for a downward departure of the sentencing range applicable under the United States Sentencing Guidelines is DENIED–IN–PART to the extent it seeks any further downward departures.

**SO ORDERED.**