**UNITED STATES of America,**
**Appellant,**

v.

**Donna ZADORA, Defendant–Appellee.**

No. 03–1623.

United States Court of Appeals,
Second Circuit.

March 29, 2004.

Eric J. Glover, Assistant United States Attorney (Jeffrey A. Mayer, Assistant, United States Attorney, on the brief), for Kevin J. O'Connor, United States Attorney for the District of Connecticut, for Appellant.

Theodore J. Wurz, Cohen & Wurz, LLC, Bristol, CT, for Defendant–Appellee.

Present: KATZMANN, WESLEY, Circuit Judges, and POLLACK,* District Judge.

---

## SUMMARY ORDER

The United States appeals from a judgment of the district court for the District of Connecticut (Squatrito, *J.*), convicting defendant-appellee Donna Zadora, following a guilty plea, of preparing false and fraudulent tax returns in violation of 26 U.S.C. § 7206(2), and sentencing her to five months' imprisonment, one year of supervised release with a special condition of five months of home confinement, a $20,000 fine, and a $100 special assessment. The government argues that the district court erred in departing downward two levels on the ground of extraordinary family circumstances.

As a preliminary matter, the parties debate the standard of review. The government contends that under the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub.L. No. 108–21, 117 Stat. 650 (2003), a district court's determination that certain facts justify a downward departure is subject to *de novo* review. Zadora counters that as before the enactment of the PROTECT Act, a district court's decision to depart downward is reviewed for abuse of discretion. We, however, need not resolve this question because even reviewing for abuse of discretion, we find that the departure was unwarranted.

In this case, the district court justified its decision to depart downward on the basis of Zadora's extraordinary family circumstances. While family circumstances are not a forbidden basis for a downward departure, they "are a discouraged basis for departure because the Commission has deemed them to be not generally rele-

vant." *United States v. Galante*, 111 F.3d 1029, 1034 (2d Cir.1997); *see also* U.S.S.G. § 5H1.6 ("Family ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted."). As we stated in *United States v. Johnson*, 964 F.2d 124 (2d Cir.1992), "Disruption of the defendant's life, and the concomitant difficulties for those who depend on the defendant, are inherent in the punishment of incarceration." *Id.* at 128. Therefore, a district court may depart downward on the basis of family circumstances only if the "hardship in a particular case is exceptional." *Galante*, 111 F.3d at 1034.

The district court justified its decision to depart downward, stating, "I find that Mrs. Zadora's family circumstances are extraordinary to the extent that her family relies on her for care and support, especially her 86–year–old mother." We disagree with this reasoning. The record establishes that Zadora was not the only family member capable of caring for her mother, and that her children, who are grown and do not live in their parents' home, and her husband, who is healthy and employed, are not unusually dependent on Zadora for care and support. *Compare Johnson*, 964 F.2d at 128–30 (finding that the district court did not abuse its discretion in departing downward for extraordinary family circumstances where the defendant "was solely responsible for the upbringing of her three young children, including an infant, and of the young child of her institutionalized daughter"), *and United States v. Alba*, 933 F.2d 1117, 1122 (2d Cir.1991) (finding that the district court did not abuse its discretion in departing downward for extraordinary family circumstances where the defendant toiled at two jobs to support his wife, their two daughters, aged four and eleven, his disabled father, and his paternal grandmother), *with United States v. Smith*, 331 F.3d 292, 293–94 (2d Cir.2003) (reversing a

family-circumstances departure for a defendant who "played a major role" in caring for his two-year old son where the defendant was "not the sole caregiver or financial supporter" of the child), *and United States v. Madrigal*, 331 F.3d 258, 260 (2d Cir.2003) (reversing a family circumstances departure premised on a female defendant's relationship with her six children where the defendant was not "the only person capable of proving adequate care for the youngest children"). Accordingly, we find that the hardship in this case is not exceptional. We therefore vacate the district court's sentence and remand for resentencing.