**UNITED STATES of America,**

v.

**Felix ROBLES, Defendant.**

**No. 04 Cr. 0115(VM).**

United States District Court, S.D. New York.

Aug. 19, 2004.

---

Leonard Fessenden Joy, Federal Defender Division Legal Aid Society, New York City, for Defendant.

Christopher L. Garcia, United States Attorney, New York City, for United States.

## DECISION AND ORDER

MARRERO, District Judge.

### I. BACKGROUND

Defendant Felix Robles ("Robles") pled guilty before this Court on April 8, 2004 to one count of knowingly possessing a fire-

arm affecting interstate commerce after having been convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g)(1). By letter dated August 11, 2003, Robles filed a motion for a downward departure from the United States Sentencing Guidelines on the grounds that he is the sole care giver to his 80–year old father. The Government opposes the motion. On August 19, 2004, the Court denied Robles's motion and sentenced him at the lowest end of the applicable Guidelines range. This Order serves to explain the Court's findings and basis for its decision.

## II. *DISCUSSION*

■ A Court must evaluate a motion for downward departure to determine whether there are factors that potentially bring a case outside the "heartland" of cases contemplated by the Sentencing Guidelines.[1] *See Koon v. United States,* 518 U.S. 81, 95–95, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996). At the outset, the Court notes that the recent amendments to the Sentencing Guidelines enacted to give effect to a Congressional mandate under the PROTECT Act, *see* Pub.L. 108–21, 117 Stat 650, 68 Fed.Reg. 60154 (Oct. 21, 2003), place heightened restrictions on granting downward departures on certain grounds, including on the basis of loss of care taking or financial support of family members. *See* 68 Fed.Reg. 60154, 60154 (stating that the amendments are geared to substantially reduce the incidence of downward departures for, among other reasons, family ties and responsibilities).

■ As a general rule, under 18 U.S.C. § 3553(a), the Court must use the Sentenc-ing Guidelines in effect on the date of sentencing. However, as the Second Circuit has explained, if the amendments to the Guidelines result in a harsher sentence for the defendant than the Guidelines in effect at the time of the offense, the use of the amended Guidelines violates the *ex post facto* clause of the United States Constitution. *See United States v. Broderson,* 67 F.3d 452, 456 (2d Cir.1995).

In this case, however, Robles committed the instant offense on or about December 27, 2003, which is after the October 27, 2003 effective date of the amendments to the Guidelines described above. Accordingly, because the basis for Robles's motion implicates the heightened restrictions that are the subject of the recent amendments to the Guidelines, the Court will apply the current version of the Guidelines, which employ the more rigorous scrutiny for these types of sentencing departures. Having established the applicable Guidelines, the Court considers the merits of Robles's motion.

■ After careful consideration of the parties' arguments in light of the applicable law, the Court finds that a downward departure is not warranted in this case. Robles seeks a downward departure on the grounds that he is the primary care giver for his father, and thus, if Robles is incarcerated, it would have a significant adverse impact upon his father. Among the responsibilities that Robles asserts he undertakes on his father's behalf are cooking, cleaning, and shopping. According to Robles, his father has had two open heart surgeries, wears a pacemaker, and suffers from seizures. Robles submitted statements from his brother and cousin con-

---

1. The Second Circuit has, for the time being, put to rest the uncertainty regarding the constitutionality of the Sentencing Guidelines created by the United States Supreme Court's decision in *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The Second Circuit has directed courts in this circuit to continue to apply the Guidelines until further direction from the Supreme Court. *See United States v. Mincey,* 380 F.3d 102 (2d Cir.2004).

firming that Robles provides significant care for his father.

 The Court recognizes that, as Robles claims, the penal consequences of his actions may cause hardship to his family. Nevertheless, § 5H1.6 of the Sentencing Guidelines, and the rule in this Circuit, mandate that family circumstances are ordinarily not relevant, and may provide justification for a downward departure only in uniquely exceptional circumstances. *See* U.S.S.G. § 5H1.6. The Commentary to this section, as amended by the PROTECT Act, states that the "loss of caretaking and financial support is one for which no effective remedial or ameliorative programs reasonably are available, making the defendant's caretaking or financial support *irreplaceable* to the defendant's family." U.S.S.G. § 5H1.6, Application Note 1(B)(iii) (emphasis added). Thus, a downward departure based on family circumstances is appropriate only "where the family was uniquely dependant [sic] on the defendant's ability to maintain existing financial and emotional commitments." *United States v. Sprei*, 145 F.3d 528, 535 (2d Cir.1998); *see also United States v. Faria*, 161 F.3d 761, 762 (2d Cir.1998).

The Court finds that the hardships that Robles's father will face if Robles is incarcerated, while undoubtedly difficult, are not so extraordinary when compared to the hardships faced by the elderly parents of any federal incarcerated defendant who is thereby unable to provide financial and emotional support during this period. Although the Court is not unsympathetic to the plight of Robles's father and to the likelihood that he will endure hardship as a result of any sentence of incarceration that Robles may serve, there is nothing so uniquely extraordinary in this case to warrant a departure on this basis.

Furthermore, the record reflects that Robles has a brother who, like their father, lives in the Bronx. While Robles's brother states that he is employed full time and cannot provide day-to-day care for their father, there is nothing to suggest that Robles's brother cannot make alternative arrangements to replace the care that Robles currently provides. Moreover, Robles has a cousin who attests that Robles has other family members. Presumably, Robles's cousin and the other members of his family also can assist in making care giving arrangements for Robles's father during any period that Robles is incarcerated. While it is not the Court's intent to trivialize the logistical and financial effort that may be required in making these arrangements, such efforts do not provide a basis for a downward departure, particularly in light of the heightened restrictions imposed by the amended Guidelines.

 A downward departure for extraordinary family circumstances is not intended to reduce the defendant's culpability. Rather, its rationale is to prevent "wreak[ing] extraordinary destruction on dependents who rely solely on the defendant for their upbringing." *United States v. Johnson*, 964 F.2d 124, 129 (2d Cir. 1992). Because the person claimed to be most affected by any period of incarceration that Robles may face is his father and not any minor dependent, the Court finds that the standard described in *Johnson* is not met in this case.[2]

Finally, the Court also denies Robles's motion because of the overall implications of the relief requested. In order to effectively address Robles's concerns, the Court

---

**2.** The Court also agrees with the Government that Robles's responsibilities toward his father cannot be as extensive as Robles claims if Robles found the time to be "hanging out, having a couple of beers [with his friends]" with a loaded firearm at the time of his arrest for the instant offense. (Transcript of Plea Allocution, *United States v. Robles,* No. 04 Cr. 0115, S.D.N.Y. Apr. 8, 2004, at 14.)

would have to impose a sentence of no incarceration. Such a departure would represent a minimum nine-level reduction in the offense level. The Court is not prepared to grant such a substantial departure under the facts of this case. *See* U.S.S.G. § 5C1.1; *see also* § 5H1.6, Application Note 1(B)(iv) (stating that any departure for family circumstances should "effectively ... address the loss of caretaking or financial support").

The Court has considered the precedent Robles cites where the Second Circuit has affirmed downward departures in other circumstances involving the loss of care giving and other family support. *See, e.g., United States v. Huerta,* 371 F.3d 88 (2d Cir.2004); *United States v. Galante,* 111 F.3d 1029 (2d Cir.1997); *United States v. Alba,* 933 F.2d 1117 (2d Cir.1991). These cases only reinforce the notion that such departures are intensely fact-sensitive, and the respective district courts in those cases were presented with different circumstances and a more flexible standard than that of the PROTECT Act upon which they based their decisions. As discussed above, the Court has carefully considered the totality of the circumstances in this case and concludes that a departure is not warranted. Accordingly, for the reasons discussed above, the Court denies Robles's motion for a downward departure.

## III. *ORDER*

For the reasons set forth above, it is hereby

**ORDERED** that the motion of defendant Felix Robles for a downward departure of the sentencing range applicable under the United States Sentencing Guidelines is DENIED.

**SO ORDERED.**