**UNITED STATES of America,**
**Appellant,**

v.

**Angela DAIDONE, Defendant–Appellee.**

**No. 04–1510.**

United States Court of Appeals,
Second Circuit.

Oct. 14, 2004.

Jeffrey Knox, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, Eastern District, Jo Ann M. Navickas, Timothy S. Driscoll, Assistant United States Attorneys, Eastern District), Brooklyn, NY, for Appellant, of counsel.

Paula Schwartz Frome, Kase & Druker (James O. Druker), Garden City, NY, for Appellee, of counsel.

Present: SACK, RAGGI, and HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be, and it hereby is, VACATED and REMANDED, RETAINING JURISDICTION.

This appeal follows a judgment of conviction and sentence of thirteen months' imprisonment, three years' supervised release, restitution of $1,757,713.92, and a special assessment imposed upon defendant-appellee Angela Daidone. The judgment of conviction and sentence was entered in the United States District Court for the Eastern District of New York after Daidone pled guilty, pursuant to a plea agreement, to one count of wire fraud, in violation of 18 U.S.C. § 1343. In sentencing Daidone, the district court departed

downward from a guidelines range of twenty-four-to-thirty months' imprisonment, on the basis of extraordinary family circumstances.

On appeal, the government contends that the district court erred in concluding that Daidone's family circumstances were sufficiently extraordinary to justify a downward departure. A sentencing court may depart from the applicable guidelines range if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1). A defendant's "[f]amily ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6. "Extraordinary [family] circumstances, however ... may constitute proper grounds for departure." *United States v. Johnson*, 964 F.2d 124, 128 (2d Cir.1992). Under the recently enacted PROTECT Act, we review *de novo* the district court's downward departure. 18 U.S.C. § 3742(e); *see also United States v. Kostakis*, 364 F.3d 45, 51 (2d Cir.2004). We must therefore decide whether Daidone's family circumstances are "extraordinary."

The district court held that the family circumstances were extraordinary based on the fact that the two youngest of Daidone's four biological children, who are aged eight and ten, have mental or emotional disorders, and are "primarily dependent" on her for financial, as well as emotional, support. The court therefore found that a downward departure was justified, although the court declined to grant probation instead of incarceration as requested by Daidone.

The government argues on appeal that Daidone's family circumstances are not ex-

traordinary because her minor children can be adequately provided and cared for by their father (to whom Daidone has been married for fifteen years). The government also contends that certain family assets could be used to support the family, and that other family members are also available to help.

"[T]he absence or presence of adults who can step in during the defendant's incarceration to assist with caring and providing for the defendant's dependents [ ] is a central part of the extraordinary family circumstances inquiry." *United States v. Huerta*, 371 F.3d 88, 95 (2d Cir.2004) (per curiam); *see also, generally, United States v. Galante*, 111 F.3d 1029, 1036 (2d Cir. 1997); *United States v. Johnson*, 964 F.2d 124, 129 (2d Cir.1992); *United States v. Alba*, 933 F.2d 1117, 1122 (2d Cir.1991) (all upholding such downward departures), and *United States v. Smith*, 331 F.3d 292, 294 (2d Cir.2003); *United States v. Madrigal*, 331 F.3d 258, 260 (2d Cir.2003) (per curiam); *United States v. Faria*, 161 F.3d 761, 763 (2d Cir.1998) (per curiam) (all finding downward departures not justified).

"The court of appeals ... shall accept the findings of fact of the district court unless they are clearly erroneous...." 18 U.S.C. § 3742(e). In order to evaluate the claims advanced by the government, it would be useful to this court to have a clearer statement from the district court as to *its* factual findings with respect to certain pertinent issues, most particularly, the reasons for and extent of the children's emotional dependency on Daidone as compared to their father and the ability or inability of other family members, including the children's father, fully to meet these emotional needs were Daidone to be sentenced within the guidelines range. It would also be useful to this court to have the district court make more specific find-

ings as to Daidone's husband's present and near-future earnings capacity, the availability of other family assets, and the ability and willingness of other family members to provide emotional and financial support during Daidone's incarceration.

Furthermore, under the PROTECT Act, district courts must provide, in the judgment, "specific reason[s]" for a sentence departure. 18 U.S.C. § 3553(c)(2). In this case, the district court only noted in the judgment that it departed based on "extraordinary family circumstances." If, after such further proceedings as the district court may deem advisable, the district court reaffirms its decision to grant a downward departure based on extraordinary family circumstances, it should state its reasons with specificity in the judgment. *See Huerta,* 371 F.3d at 96.

Nothing in this order should be understood to indicate the panel's views on the merits of the judgment appealed from.

For the foregoing reasons, the judgment of the district court is hereby VACATED and REMANDED. The mandate shall issue forthwith. Jurisdiction will be restored to this Court without a new notice of appeal when any of the parties furnishes a copy of the district court's ruling on remand to the clerk of this Court. The case shall be referred to this panel upon its return to this Court's jurisdiction. At that time, the Court will determine whether and to what extent further briefing will be needed. After any further order by this Court, the parties will be afforded a renewed opportunity to seek rehearing and rehearing in banc.