UNITED STATES of America,
Appellant,

v.

Santa Angela MATEO–RUIZ,
Defendant–Appellee.

No. 04–1398.

United States Court of Appeals,
Second Circuit.

Nov. 16, 2004.

Robert W. Henoch, Assistant United States Attorney (Cecil C. Scott, Assistant United States Attorney, Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellant, of counsel.

Edward S. Zas, New York, NY, for Appellee.

PRESENT: CARDAMONE, McLAUGHLIN and CABRANES, Circuit Judges.

SUMMARY ORDER

Defendant Santa Angela Mateo–Ruiz was convicted, following a guilty plea, of importing a controlled substance into the United States, in violation of 21 U.S.C. §§ 952(a) and 960. The District Court

sentenced defendant principally to 20 months of imprisonment, departing downward from the range of 30 to 37 months provided by the United States Sentencing Guidelines ("Guidelines"). The Government appeals this departure.

In explaining the downward departure during the sentencing hearing, the District Court emphasized defendant's responsibilities to her young child and defendant's history of lawful behavior. The Court stated, in relevant part:

> Well, it is a very unfortunate circumstance to have a 4–year old daughter to be separated from the mother at a very, very important time in her life. I'm loathe to carve out any sort of precedent for mothers of young children because as the way of the world goes, the moment we do that we will be set upon by a number of similarly situated unfortunate, impoverished young women with young children, real or imagined; I don't mean to suggest for a moment that I have any doubt about your daughter but the situation is so vulnerable to the manipulation or abuse, I don't want to encourage anybody to single out more people just like yourself, young mothers struggling to survive and struggling to care for an infant during a formidable period in her life.

> On the other hand, we have here a woman who has never been in trouble before, from all indications from the report has lived a law abiding life and who would if permitted I believe provide nourishment, emotional and otherwise, to her child upon their reunion, a wiser woman no doubt. At least one would hope. The government is right in addressing the cases that speak generally to the issues of downward departures for extraordinary family circumstances. At one level this child is in good hands

being cared for physically, and, to a certain extent, emotionally.

> I do think that, however, despite concerns that I have given the age of the child and given the personal circumstances of this woman that some modest reduction in the sentence is appropriate for the child's sake and to accelerate that important time in the not too distant future that the mother and child will be reunited.

In the written order of judgment, the District Court added only that "a modest departure is warranted based on the age of defendant's child and her personal circumstances, for the reasons stated on the record." *United States v. Mateo–Ruiz*, No. CR–03–398, at 7 (E.D.N.Y. Feb. 20, 2004).

The District Court's comments indicate that it may have granted a downward departure due to extraordinary family circumstances, aberrant behavior, or a combination thereof. The Government argues that none of these grounds provides a legitimate basis for a departure in defendant's circumstances. We agree that a departure for extraordinary family circumstances was not warranted in this case, and remand the cause to the District Court for further findings with respect to aberrant behavior or other asserted grounds for departure.

Following the enactment of the Prosecutorial Remedies and Other Tools To End the Exploitation of Children Today Act of 2003 ("PROTECT Act"), Pub.L. No. 108–21, § 401(d), 117 Stat. 650, 670 (codified at 18 U.S.C. § 3742(e)(3)), we review *de novo* whether a departure is "justified by the facts of the case." *Id.; see also United States v. Kostakis*, 364 F.3d 45, 50–51 (2d Cir.2004); *United States v. Simmons*, 343 F.3d 72, 78 (2d Cir.2003).

■ We have generally limited downward departures based on family responsibilities to extraordinary circumstances. *See generally United States v. Smith*, 331 F.3d 292 (2d Cir.2003); *United States v. Madrigal*, 331 F.3d 258 (2d Cir.2003); *United States v. Johnson*, 964 F.2d 124, 126–30 (2d Cir.1992). We have also noted that child-care support from family members may alleviate the hardship imposed by a parent's incarceration. *See Smith*, 331 F.3d at 294; *Madrigal*, 331 F.3d at 260. To the extent the District Court departed downward on the basis of extraordinary family responsibilities, it apparently did so principally because defendant is a single mother of a 4–year–old daughter who would be deprived of crucial "nourishment, emotional and otherwise," once defendant is incarcerated. The Court noted, however, that the care of defendant's daughter is "in good hands"—an apparent reference to defendant's aunt, with whom defendant's daughter currently resides. Upon review of the record, we conclude, as we did in *Madrigal*, 331 F.3d at 260, that defendant's circumstances "are far enough removed from those circumstances that existing case law has found exceptional that we must conclude that the district court acted outside of permissible limits in granting the downward departure for family circumstances."

■ Alternatively, the District Court may have departed downward because defendant's behavior was aberrant under the standards set forth in U.S.S.G. § 5K2.20. Pursuant to that Guidelines provision, a district court "may depart downward . . . only if the defendant committed a single criminal occurrence or single criminal transaction that (1) was committed without significant planning; (2) was of limited duration; and (3) represents a marked deviation by the defendant from an otherwise law-abiding life." U.S.S.G. § 5K2.20(b). Application Note 3 to U.S.S.G. § 5K2.20 further elaborates that in the course of departing downward for aberrant behavior "the court may consider the defendant's (A) mental and emotional conditions; (B) employment record; (C) record of prior good works; (D) motivation for committing the offense; and (E) efforts to mitigate the effects of the offense."

Aside from noting that defendant "has never been in trouble before" and "has lived a law abiding life," the District Court made few explicit findings regarding the factors pertinent to departures under U.S.S.G. § 5K2.20. The parties on appeal, meanwhile, make somewhat conflicting claims regarding these factors, including the planning involved in defendant's offense, the duration of that offense, and defendant's motivations for committing it. Consequently, we encounter the very problem we recently faced in *United States v. Huerta*, 371 F.3d 88 (2d Cir.2004)—"our ability to review the sentence *de novo* is compromised by the absence of" explicit findings by the District Court.[1] *Id.* at 95. We therefore follow the course we took in *Huerta*, and remand the cause to the District Court for re-sentencing, with instructions to specify the legal grounds for any

---

1. Given this paucity of factual findings, we intimate no view on whether defendant may have been entitled to a downward departure on the basis of a combination of extraordinary family circumstances and aberrant behavior. *See United States v. Leung*, 360 F.3d 62, 72 (2d Cir.2004) ("Where an unusual constellation of factors exists that removes any sentencing from the 'heartland' cases, district courts are obligated to consider departures even though no one factor, standing alone, might justify an upward or downward departure.").

departures from the Guidelines range and to make explicit any factual findings supporting such departures. Should the District Court find that a departure for aberrant behavior is warranted, we specifically instruct it to address the factors enumerated in U.S.S.G. § 5K2.20.[2]

We also note that, in addition to instituting *de novo* appellate review of departures, the PROTECT Act required district courts to state their reasons for departures "with specificity in the written order of judgment and commitment." 18 U.S.C. § 3553(c)(2). In this case, the District Court's order simply invoked "the reasons stated on the record." *Mateo–Ruiz*, No. CR–03–398, at 7. Should the District Court grant defendant a downward departure in subsequent proceedings, it must state in open court and "record *in the judgment* the specific reasons that support its decision." *Huerta*, 371 F.3d at 96 (emphasis added).

Accordingly, the District Court's decision to award defendant a downward departure is hereby VACATED and the cause is REMANDED for re-sentencing.

**2.** U.S.S.G. § 5K2.20 was amended between the time defendant committed her offense and the time the District Court sentenced her. Should the District Court depart downward for aberrant behavior, we instruct it to specify the version of U.S.S.G. § 5K2.20 on which its analysis relies.

