**UNITED STATES of America,**
**Appellant,**

v.

**Angela DAIDONE, Defendant–Appellee.**

No. 04–1510.

United States Court of Appeals,
Second Circuit.

Feb. 25, 2005.

**678**

Jeffrey Knox, Assistant United States Attorney for the Eastern District of New York (Roslynn R. Mauskopf, United States Attorney, Eastern District, Jo Ann M. Navickas, Timothy S. Driscoll, Assistant United States Attorneys, Eastern District), Brooklyn, NY., for Appellant, of counsel.

Paula Schwartz Frome, Kase & Druker, (James O. Druker), Garden City, NY., for Appellee, of counsel.

PRESENT: Hon. ROBERT D. SACK, Hon. REENA RAGGI, and Hon. PETER W. HALL, Circuit Judges.

### AMENDED SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be, and it hereby is, VACATED and RE-MANDED. The prior mandate is RE-CALLED; the present order constitutes the final disposition of this appeal.

This appeal follows a judgment of conviction and sentence of thirteen months' imprisonment, three years' supervised release, restitution of $1,757,713.92, and a special assessment imposed upon defendant-appellee Angela Daidone. The judgment of conviction and sentence was entered in the United States District Court for the Eastern District of New York after Daidone pled guilty, pursuant to a plea agreement, to one count of wire fraud, in violation of 18 U.S.C. § 1343. In sentencing Daidone, the district court departed downward from a Guidelines range of twenty-four-to-thirty months' imprisonment, on the basis of extraordinary family circumstances.

On appeal, the government contends that the district court erred in concluding that Daidone's family circumstances were sufficiently extraordinary to justify a downward departure. At the time of sentencing, the court was permitted by law to depart from the applicable Guidelines range only if "the court [found] that there exist[ed] an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines that should [have] result[ed] in a sentence different from that described." 18 U.S.C. § 3553(b)(1). As a result of the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), however, the Guidelines are now not mandatory, and a departure is therefore no longer necessary in order for the sentencing court to impose a sentence below the Guidelines range. *See United States v. Crosby*, 397 F.3d 103 (2d Cir.2005). In determining a non-Guidelines sentence, the sentencing court must

nonetheless "consider" the applicable Guidelines sentence, and therefore must continue generally to calculate it, taking into account relevant departures permitted by the Guidelines. *See Crosby*, 397 F.3d at 110–111,.

In deciding whether a departure is warranted and determining the extent thereof under the Guidelines, a defendant's "[f]amily ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6. "Extraordinary [family] circumstances, however, ... may constitute proper grounds for departure." *United States v. Johnson*, 964 F.2d 124, 128 (2d Cir. 1992). The district court held that Daidone's family circumstances were extraordinary because the two youngest of Daidone's four biological children, age eight and ten, have mental or emotional disorders, and are "primarily dependent" on her for financial, as well as emotional, support. The court therefore found that a downward departure was justified, although the court declined to grant probation instead of incarceration as requested by Daidone.

The government argues on appeal that Daidone's family circumstances are not sufficiently extraordinary to warrant a downward departure because her minor children can be adequately provided and cared for by their father (to whom Daidone has been married for fifteen years). The government also contends that certain family assets could be used to support the family, and that other family members are also available to help. In evaluating the downward departure on appeal, we take into account that "the absence or presence of adults who can step in during the defendant's incarceration to assist with caring and providing for the defendant's dependents [ ] is a central part of the extraordinary family circumstances inquiry." *Unit-*

*ed States v. Huerta*, 371 F.3d 88, 95 (2d Cir.2004) (per curiam); *see also, generally, United States v. Galante*, 111 F.3d 1029, 1036 (2d Cir.1997); *Johnson*, 964 F.2d at 129; *United States v. Alba*, 933 F.2d 1117, 1122 (2d Cir.1991) (all upholding such downward departures), and *United States v. Smith*, 331 F.3d 292, 294 (2d Cir.2003); *United States v. Madrigal*, 331 F.3d 258, 260 (2d Cir.2003) (per curiam); *United States v. Faria*, 161 F.3d 761, 763 (2d Cir.1998) (per curiam) (all finding downward departures not justified).

We conclude that we must remand the case for the district court to sentence Daidone under the principles established by *Booker* and *Crosby*. Within ten days of the district court's resentencing, either party may restore this case to the jurisdiction of this Court by giving notice to the Clerk of Court, *see United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir.1994), in which event the renewed appeal will be assigned to this panel.

In "considering" the Guidelines sentence upon remand, the court may again decide that a downward departure under the Guidelines was warranted. We do not find enough in the record, nor was the district court's explanation adequate, to enable us to determine on the present record whether or not it was. Upon re-sentencing, then, the district court should ensure that the record is adequate to enable us to review it, and must adequately articulate its reasons for its sentence because, *inter alia*, "in [*Booker*], the Supreme Court left unimpaired 18 U.S.C. § 3553(c), which requires a district court to 'state in open court the reasons for its imposition of the particular sentence' and, in subsection 3553(c)(2), to state in writing 'with specificity' the reasons for imposing a sentence outside the calculated Guidelines range." *Crosby*, 397 F.3d at 116–117.

680

In order to evaluate the district court's decision, it would be useful to this Court for the district court to state more completely its factual findings with respect to certain pertinent issues, most particularly, the reasons for and extent of the children's emotional dependency on Daidone as compared to their father and the ability or inability of other family members, including the children's father, fully to meet these emotional needs were Daidone to be sentenced within the Guidelines range. It would also be useful to this court to have the district court make more specific findings as to Daidone's husband's present and near-future earnings capacity, the availability of other family assets, and the ability and willingness of other family members to provide emotional and financial support during Daidone's incarceration. Further, the reasons for and extent of the children's emotional dependency on Daidone as compared to their father and the ability or inability of other family members, including the children's father, fully to meet these emotional needs were Daidone to be sentenced within the Guidelines range, will inform us as to the reasonableness of any sentence.

For the foregoing reasons, the judgment of the district court is hereby VACATED and REMANDED for proceedings consistent with this order. The prior mandate is RECALLED and a new mandate is hereby issued.