**UNITED STATES of America,**
**Appellee,**

v.

**Joseph DOUCET, Defendant–Appellant,**

---

[*] The Honorable William K. Sessions III, United States District Court Judge for the District of Vermont, sitting by designation.

David Fusco, Angela Fusco, Clinton Kenfield, Judson Creasy, Adrian Jessop, Michael J. Luffman, Defendants.

No. 06–0388–cr.

United States Court of Appeals, Second Circuit.

March 21, 2007.

James E. Long, Albany, NY, on submission, for Defendant–Appellant.

Elizabeth S. Riker, Assistant United States Attorney (Richard S. Hartunian, Assistant United States Attorney, on the brief) for Glenn T. Suddaby, United States Attorney for the Northern District of New York, Syracuse, NY, for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. WILLIAM K. SESSIONS III, District Judge.*

## SUMMARY ORDER

Defendant-appellant Joseph Doucet was convicted, pursuant to a guilty plea, of conspiracy to possess with intent to distribute and to distribute marijuana and more than 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and § 846. The district court sentenced Doucet principally to 30 months' imprisonment. Doucet challenges his sentence on two grounds. We assume the parties' familiarity with the underlying facts and procedural history of the case.

* The Honorable William K. Sessions III, United States District Court Judge for the District of Vermont, sitting by designation.

First, Doucet argues that his sentence is unreasonable because the district court erred when it determined that, under United States Sentencing Guideline § 3B1.2, he was eligible on the basis of his role in the offense for a 2–level reduction but not for a 3– or 4–level adjustment. This contention is unavailing. Given the extent of the defendant's involvement in the drug conspiracy of which he was convicted, which included his introducing the drug dealer to the drug supplier and allowing them to transact their business at his home on three occasions, we cannot say that the district court erred when it found Doucet ineligible for the 3– or 4–level reduction in total offense level. *See United States v. Gaston,* 68 F.3d 1466, 1467–68 (2d Cir.1995) (per curiam); *see also United States v. Yu,* 285 F.3d 192, 200 (2d Cir. 2002). Accordingly, the district court's calculation of the applicable Guidelines range did not involve any procedural errors that rendered the sentence unreasonable. *See United States v. Selioutsky,* 409 F.3d 114, 118 (2d Cir.2005).

Second, Doucet asserts that his sentence is unreasonably long given his lack of a prior criminal history and his family circumstances. This argument is also unpersuasive. There is nothing in the record that suggests that the ultimate sentence was not reasonable under the circumstances presented. The relevant Guidelines range took into account the defendant's minimal prior criminal history. As to the defendant's family situation, although it is certainly sympathetic, it is not out of the ordinary for the imprisonment of one parent in a two-parent, two-income household to impose financial and caretaking burdens on the other parent. It was therefore not unreasonable for the district court to decline to impose a non-Guidelines sentence on the basis of Doucet's family circumstances. *Cf. United States v.*

*Smith,* 331 F.3d 292, 294 (2d Cir.2003); *United States v. Madrigal,* 331 F.3d 258, 260 (2d Cir.2003) (per curiam).

The judgment of the district court is therefore **AFFIRMED.**