**UNITED STATES of America,**
**Appellant,**

v.

**Jacob DEUTSCH, Defendant–Appellee.**

**Docket No. 03–1738.**

United States Court of Appeals,
Second Circuit.

July 1, 2004.

Nicolas Bourtin, Assistant United States Attorney for the Eastern District of New York, Brooklyn, N.Y. (David C. James, Assistant United States Attorney, of counsel, Roslynn R. Mauskopf, United States Attorney, on the brief), for Appellant.

Ephraim Savitt, New York, NY, for Defendant–Appellee.

PRESENT: MINER, STRAUB, Circuit Judges, and FEUERSTEIN, District Judge.*

SUMMARY ORDER

The Government appeals from so much of a judgment of conviction and sentence as pertains to the sentence of three months' imprisonment, three years' supervised release with a special condition of

---

* The Honorable Sandra J. Feuerstein of the United States District Court for the Eastern District of New York, sitting by designation.

four months' home detention, and $100 special assessment imposed upon defendant-appellee Jacob Deutsch. The judgment of conviction and sentence was entered in the United States District Court for the Eastern District of New York (Amon, *J.*) after Deutsch pled guilty, pursuant to a plea agreement, to one count of wire fraud, in violation of 18 U.S.C. § 1343. While this appeal was pending, Deutsch served the full term of his prison sentence and home detention. He continues to remain under supervised release. We assume familiarity with the facts of this case and its procedural history.

The Government's sole contention on appeal is that the District Court erred in concluding that Deutsch's family circumstances were sufficiently extraordinary to justify granting a downward departure from a Guidelines range of twelve-to-eighteen months imprisonment to a prison sentence of three months. The Sentencing Guidelines provide that a defendant's "[f]amily ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." U.S.S.G. § 5H1.6. "Because the Guidelines disfavor departure based on family responsibilities, such a departure is not permitted except in extraordinary circumstances." *United States v. Smith*, 331 F.3d 292, 294 (2d Cir.2003). Under the recently enacted PROTECT Act, we review de novo the District Court's downward departure. 18 U.S.C. § 3742(e); *see United States v. Kostakis*, 364 F.3d 45, 51 (2d Cir.2004).

Here, the District Court found that a downward departure due to extraordinary family circumstances was justified based on the facts that: (1) Deutsch shared the responsibility for taking care of his six children, all of whom were under the age of sixteen; (2) Deutsch's wife was unemployed and had no skills or experience to obtain employment; (3) Deutsch's wife suffered from a medical condition that prevented her from caring for the couple's children without Deutsch's assistance; (4) Deutsch's family was under extreme financial pressures that required them to sell their home; (5) Deutsch had no savings and owed substantial amounts of money to creditors; and (6) none of the several relatives of Deutsch and his wife was financially capable of caring for Deutsch's wife and children for any extended period of time, since these relatives, although they lived nearby, were married and also responsible for raising large numbers of children.[1] These findings were based on written submissions provided to the District Court from Deutsch, his wife, his father, and his rabbi. The court also relied on a recommendation for a downward departure based on extraordinary family circumstances made in the Presentence Report, which had been prepared after interviews with Deutsch and his wife.

On appeal, the Government does not seriously dispute that the circumstances cited by the District Court—if proven—constitute extraordinary family circumstances. *Compare United States v. Galante*, 111 F.3d 1029, 1035 (2d Cir.1997) (upholding departure where defendant provided substantial support for two children and defendant's wife spoke limited

1. These findings were made in an amended judgment entered by the District Court, after the Government filed its notice of appeal, to comply with the PROTECT Act's requirement that the court state the reasons for a downward departure "with specificity in the written order of judgment and commitment." 18 U.S.C. § 3553(c)(2). Because these findings were made in "aid of th[is] appeal," and because, as the Government conceded at argument, the amended judgment did not substantively alter Deutsch's sentence, we can consider them without the need for a remand. *United States v. Nichols*, 56 F.3d 403, 411 (2d Cir.1995) (internal quotation marks omitted).

English), *and United States v. Johnson,* 964 F.2d 124, 129–30 (2d Cir.1992) (upholding departure where defendant was sole supporter of four young children), *and United States v. Alba,* 933 F.2d 1117, 1122 (2d Cir.1991) (upholding departure where defendant supported wife, two young children, and his disabled father, who relied on defendant to get out of his wheelchair), *with Smith,* 331 F.3d at 294 (rejecting departure where defendant supported only one young child and his wife was capable of working, although she would have had to drop out of college to do so), *and United States v. Madrigal,* 331 F.3d 258, 260 (2d Cir.2003) (per curiam) (rejecting departure where only one of the defendant's six children was under eighteen and there was no finding made that the defendant was the only family member capable of supporting her family). Instead, the Government argues that there was no evidentiary basis for the District Court to make the findings summarized above with respect to the ability of Deutsch's wife and other relatives to support Deutsch's children during his period of confinement. Specifically, the Government argues, once the Government objected to the legal sufficiency of Deutsch's written submissions, the District Court should not have granted a downward departure in the absence of additional evidence submitted by Deutsch.

We reject the Government's argument. If the Government wanted to contest the veracity of the statements made in Deutsch's submissions, the Government could have—and should have—done so. Having not done so, the Government cannot be heard to complain on appeal that the District Court erred in crediting the statements made by Deutsch, his wife, his father, and his rabbi. Finally, we reject the Government's reliance on our recent decision in *United States v. Huerta,* 371 F.3d 88 (2d Cir.2004) (per curiam), where we vacated a downward departure that was based on extraordinary family circumstances, and remanded to the district court for further proceedings. In *Huerta,* unlike the case at bar, the district court: (1) did not provide any written statement of reasons for its downward departure, (2) made no explicit findings regarding the defendant's wife's ability to support the family on her own while the defendant was incarcerated, and (3) did not address the Government's argument that other members of the defendant's family were available to support his family while he was incarcerated. *Id.* at 94–96.

We have considered the Government's remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the District Court is **AFFIRMED**.